IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA G. ANDERSON )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM SERVICES LLC )<br>        Defendant. )<br>) | CIVIL ACTION NO.: 4:23-cv-115-D-BM<br>**AGREED MOTION TO AMEND THE SCHEDULING ORDER** |

NOW COMES the Defendant, Amazon.com Services, LLC ("Amazon") to respectfully move this honorable Court for the entry of an order amending the Scheduling Order [Dkt. 25]. Plaintiff, Cynthia Anderson ("Anderson"), consents to the relief sought herein. In support of this motion, Amazon states as follows:

1. Amazon respectfully requests an order extending the expert disclosure deadline until forty-five (45) days from the date Anderson produces both the medical records she already has conceded are discoverable (but has not produced), and additional documents pertaining to her efforts to mitigate damages, both of which are the subject of a pending Motion to Compel filed by Amazon on June 14, 2024 [Dkt. 27]. This is Amazon's first request to amend the Scheduling Order.

2. This motion is timely under Local Rule 7.1(a) because discovery remains open until August 30, 2024.

3. Currently, the remaining Scheduling Order deadlines are as follows:

- June 28, 2024 – Deadline to disclose reports from retained experts;
- August 30, 2024 – Deadline to complete discovery; and
- September 27, 2024 – Deadline to file dispositive motions.

[Dkt. 25].

4.      A scheduling order may be amended for good cause and with consent from the court. Fed. R. Civ. P. 16(b)(4) (2014). The primary consideration in determining whether a movant has shown good cause to modify the court's scheduling order is the diligence of the moving party. *Montgomery v. Anne Arundel Cnty., Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam); *Neighbors Law Firm, P.C. v. Highland Capital Mgmt.*, No. 5:09-CV-352-F, 2011 U.S. Dist. LEXIS 6195, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (internal quotation marks omitted).

5.      Here, despite Amazon's best efforts, it is not in possession of documents that are critical to the assessment of the expert witnesses who Amazon anticipates disclosing in this matter to offer opinions in regard to (a) Anderson's efforts to mitigate her damages; and (b) Anderson's alleged damages. These documents are the subject of the pending Motion to Compel. For example, while Anderson has produced several correspondence confirming that she applied for various jobs, she has produced few, if any corresponding job requisitions, the actual job applications or resumes submitted, cover letters, or responses from prospective employers.

6.      Additionally, Anderson has failed to produce medical records and/or a signed medical authorization, both of which are necessary for adequately assessing Anderson's damages.[1]

7.      Without these critical documents that will form the cornerstone of the anticipated opinions, Amazon cannot retain an expert, much less expect the expert to render an opinion.

8.      As outlined above, Amazon has worked tirelessly to obtain the discovery necessary to meet the current expert disclosure deadline, and thus, good exists to grant this Motion.

---

[1] Amazon acknowledges that Anderson has stated, on multiple occasions, that she intends to produce medical records, and even provided one email suggesting that she requested records from one, of many, healthcare providers. However, Amazon first requested these records on December 18, 2023, and still has not received any responsive documents. After multiple meet and confer efforts failed over several months, Amazon filed a Motion to Compel.

9. Other district courts have found good cause and granted similar relief under like circumstances. *See e.g. Fehling v. Pri Prods., Inc.*, No. 1:21-cv-00182-MR-WCM, 2022 U.S. Dist. LEXIS 89999, at *6 (W.D.N.C. May 19, 2022) (granting motion to amend the scheduling order where opposing party had not completed its responses to written discovery, which would impact any expert opinion); *United States v. Sowell*, No. 3:13-CV-203-RJC-DCK, 2015 U.S. Dist. LEXIS 35865, at *15 (W.D.N.C. Mar. 23, 2015) (finding good cause to amend the scheduling order, even though the deadlines had already passed, where there were discovery delays involving a motion to compel.)[2]

10. In response to Amazon's request to extend the expert disclosure deadline only, Anderson's counsel stated, "I will consent to a general discovery deadline, not just for expert's report, and depending on what you are asking for." *See* Exhibit 1. Thereafter, Anderson's counsel stated "Given all of the sand in the air about discovery issues other than medical records, I would consent to a motion to extend discovery deadline for **all discovery**…" *See* Exhibit 2. Thus, it appears that Amazon's requested relief is agreed, although defense counsel has not been able to determine by how much Anderson seeks to extend the August 30, 2024 close of discovery deadline.

11. Amazon is not opposed to Anderson's request to extend all discovery deadlines, but notes that if Amazon were to receive the mitigation and medical records in a timely manner, either through court order, or voluntary production, Amazon expects it could still complete fact discovery by the current deadline of August 30, 2024.

12. This extension is not sought for dilatory purposes, but so the parties may avoid prejudice caused by the various delays.

---

[2] It bears noting that the motion to amend the scheduling order in *Sowell* was opposed, while here, Anderson consents to an even greater extension of deadlines than that which Amazon seeks.

3

For the foregoing reasons, Amazon respectfully requests that the Court issue an order granting the relief sought herein and any other relief that this Court deems just and proper.

*s/ Tiffany S. Fordyce*
Tiffany S. Fordyce
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
312-456-8400
fordycet@gtlaw.com
Illinois Bar. No 6295008
Attorney for Amazon.com Services LLC

*s/ Malcolm J. Ingram*
Malcolm J. Ingram
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19131
215-988-7830
ingramm@gtlaw.com
Pennsylvania Bar. No. 323201
Attorney for Amazon.com Services LLC

*s/ Michael J. Morris*
Michael J. Morris
Greenberg Traurig, LLP
6135 Park South Drive, Suite 500
Charlotte, NC 28210
704-790-4700
Michael.Morris@gtlaw.com
North Carolina Bar. No. 52941
Local Civil Rule 83.1(d) Attorney for Amazon.com Services LLC

## ARTIFICIAL INTELLIGENCE CERTIFICATION

I, Tiffany Fordyce, hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg.

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Tiffany Fordyce*
Tiffany Fordyce

## CERTIFICATE OF SERVICE

    I, Tiffany Fordyce, hereby certify that on June 28, 2024, I filed the foregoing Motion to Compel through the Court's CM/ECF filing system, which served electronic notice of filing to all counsel of record.

                                            */s/ Tiffany Fordyce*
                                              Tiffany Fordyce