IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-115-D

| | | |
|---|---|---|
| CYNTHIA G. ANDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| AMAZON.COM SERVICES, LLC., | ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to compel [DE-27]. Plaintiff filed a response in opposition to the motion to compel [DE-31], and subsequently a declaration regarding the response in opposition [DE-49]. For the reasons discuss below, the court DENIES plaintiff's motion to compel [DE-27] AS MOOT WITHOUT PREJUDICE.

On June 24, 2024, the defendant in this matter filed a motion to compel [DE-27] (i) plaintiff to sign a medical authorization form so that defendant could obtain plaintiff's medical records from her medical providers, and (ii) for plaintiff to produce all documents associated with her mitigation efforts in response to RFP No. 9. *See* [DE-27] at 1. On August 6, 2024, this court held a telephonic status hearing on defendant's motion to compel [DE-27], during which counsel for plaintiff and counsel for defendant were each heard. The court directed parties to meet and confer regarding the issues and rescheduled a phone hearing for August 21, 2024.

As reflected in the docket of this case, the court subsequently held telephonic status hearings on August 21, 2024 [DE-37], August 26, 2024 [DE-39], August 30, 2024 [DE-41], September 9, 2024 [DE-42], September 13, 2024 [DE-43], October 15, 2024 [DE-50], October 29, 2024 [DE-51], November 5, 2024 [DE-52], November 19, 2024 [DE-53], December 4, 2024 [DE-54], and December 6, 2024. The parties were repeatedly directed to meet and confer in the

intervals between such telephonic status hearings, and filed multiple status reports regarding the records at issue (*see* [DE-44; -46; -47]).

At multiple telephonic status hearings discussed above, counsel for defendant confirmed that certain portions of the motion to compel [DE-27] had been mooted by intervening events. Specifically, defendant confirmed that plaintiff had provided the relevant documents associated with her mitigation efforts, as well as documents from at least one of the medical providers, which had been sought pursuant to the motion to compel. *See* October 1, 2024 Order [DE-45].

On October 14, 2024, plaintiff filed a declaration regarding certain Quartet medical records, providing in relevant part, "I am not able to obtain any records from Quartet." [DE-49] at 2. As reflected in the docket, the parties met and conferred regarding subpoenas served or attempted to be served on Quartet in an effort to obtain medical records, if any, at issue. This is the remaining issue related to defendant's motion to compel [DE-27]. Despite the parties' collaborative efforts in this regard, they have not yet reported success in securing the relevant records or confirming with Quartet that they do not exist.

As discussed on the record during the December 6, 2024 telephonic hearing, while certain efforts by the parties to resolve the isolated Quartet medical record issue remain ongoing, because (i) the circumstances underlying defendant's motion to compel [DE-27] are materially different at this time from the circumstances reflected in the motion, and (ii) the parties have resolved a significant number of the issues raised in the motion, the court is unable to provide a meaningful ruling on the motion as currently drafted. Accordingly, defendant's motion to compel [DE-27] is DENIED AS MOOT WITHOUT PREJUDICE to defendant's ability to refile a motion to compel if any specific issues underlying its motion to compel persist after the current ongoing attempts of the parties to resolve these.

As directed during the December 6, 2024 telephonic hearing, should no motion to show cause, or other motion, as appropriate, regarding the Quartet medical record subpoena be filed by Friday, December 13, 2024, the parties shall instead file a joint status report providing an update on the status of the Quartet medical records, **no later than the close of business on December 13, 2024**.

Given the nature of this case and the discovery disputes that have arisen to date, the court finds that efficient case administration will be facilitated by conducting a status conference prior to the filing of further motions to compel. Accordingly, prior to filing any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements ("discovery motions"), the parties are required to (i) meet and confer in-person, by telephone or by video-conference, as required by Local Rule 7.1.(c)(2); and (ii) request a telephonic discovery conference before the undersigned. The parties shall jointly notify Deputy Clerk Bobbie Horton by e-mail at Documents_USMJ_Meyers@nced.uscourts.gov[1] of the nature of the discovery dispute and provide the parties' mutually agreed suggested dates and times for such conference.

SO ORDERED, this 9th day of December, 2024.

_____
Brian S. Meyers
United States Magistrate Judge

---

[1] This is a receipt-only email address and should not be used for any other correspondence with the court.