IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-115-D

CYNTHIA G. ANDERSON,         )
 )
         Plaintiff,        )
 )
       v.           )         **ORDER**
 )
AMAZON.COM SERVICES, LLC,     )
 )
         Defendant.      )

This matter comes before the court on the following six motions filed by plaintiff Cynthia G. Anderson ("plaintiff"): (1) motion for protective order [DE-60];[1] (2) motion for extension of time to file motion to compel discovery ("first motion to extend") [DE-65];[2] (3) second motion for extension of time to file motion to compel discovery ("second motion to extend") [DE-67];[3] (4) motion to compel discovery ("motion to compel") [DE-69];[4] (5) motion for leave to file excess pages [DE-81];[5] and (6) motion to unseal proposed sealed documents [DE-89].[6]  Defendant responded in opposition to each of plaintiff's motions, except plaintiff's second motion to extend to which no response was filed and the time within which to do so has expired.  *See* [DE-63; 66; 99; 103].

This matter is also before the court on the motion by defendant Amazon.com Services, LLC ("defendant") to strike the motion to compel or, in the alternative, to seal certain proposed

---

[1] Defendant filed a memorandum in opposition [DE-63].
[2] Defendant filed a response in opposition [DE-66].
[3] Defendant did not file a response to this motion, and the time within which to do so has now expired.
[4] Defendant filed a response in opposition [DE-99].
[5] Defendant filed a response in opposition [DE-99].
[6] Defendant filed a response in opposition [DE-103].

sealed exhibits to the motion to compel [DE-92].[7, 8]

# I. <u>RELEVANT BACKGROUND</u>

This case arises from claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; the Age Discrimination in Employment Act; and for constructive discharge that plaintiff brought connected with her employment with and termination by defendant. *See generally* [DE-10].

On August 26, 2024, defendant submitted a consent motion to amend the scheduling order [DE-38] in this case. The court granted the consent motion on August 27, 2024, thereby amending the discovery deadline to January 31, 2025, and the dispositive motions deadline to March 17, 2025. *See* [DE-40].

The court has ruled on other discovery-related motions by the parties (*see* [DE-18, -21, -27, -29]), and has held a substantial number of discovery-related telephonic status conferences between August 2024 and December 2024 related to the same (*see, e.g.*, [DE-36, -37, -39, -41, -42, -43, -50, -51, -52, -53, -54, -57]. Pursuant to the court's orders, the parties also filed numerous status reports regarding discovery disputes. *See, e.g.*, [DE-44, -46, -47, -56, -59].

On December 9, 2024, the court issued an order [DE-55] finding, in relevant part, that given the nature of this case and the discovery disputes that had arisen, efficient case administration would be facilitated by conducting a status conference prior to the parties' filing of further discovery motions. The court, therefore, directed that:

> prior to filing any motion raising a disputed issue of or relating to discovery, including any *disputed* motion *to compel*, *for protective order*, or to alter discovery requirements ("discovery motions"), the parties are required to (i) meet and confer

---

[7] Plaintiff did not file a response to this motion, and the time within which to do so has now expired.

[8] Also before the undersigned is defendant's opposed motion to amend or correct its affirmative defenses and to assert a counterclaim ("motion to amend") [DE-64]. Although referenced for context in the instant order, defendant's motion to amend will be addressed by separate order.

2

in-person, by telephone or by video-conference, as required by Local Rule 7.1.(c)(2); and (ii) request a telephonic discovery conference before the undersigned. The parties shall jointly notify Deputy Clerk Bobbie Horton by e-mail at Documents_USMJ_Meyers@nced.uscourts.gov of the nature of the discovery dispute and provide the parties' mutually agreed suggested dates and times for such conference.

*Id.* at 3 (emphasis added).

In its December 31, 2024 order, the court specifically reminded counsel of this directive, as well as the January 31, 2025 deadline to complete discovery, and ordered the parties to file a joint status report regarding the particular discovery issue(s) at that time. *See* [DE-58]. The parties subsequently filed a joint status report on January 3, 2025, providing that the parties "continue to meet and confer regarding discovery issues beyond the .pst file[, the specific issue at that time,] and will notify the [c]ourt if its involvement becomes necessary." *See* [DE-59] at 1.

On January 27, 2025, plaintiff filed the instant motion for protective order [DE-60]. In support of her motion, plaintiff filed four exhibits [DE-60-1 to 60-4] and a memorandum [DE-61].[9] The court received no request for a telephonic discovery conference prior to plaintiff's filing of the motion for protective order. Defendant responded in opposition [DE-63], along with seven exhibits [DE-63-1 to 63-7].

On March 3, 2025, plaintiff filed her first motion to extend time to file a motion to compel [DE-65] up to and including March 8, 2025. Defendant responded in opposition [DE-66]. On March 10, 2025, plaintiff filed her second motion to extend time to file a motion to compel [DE-67] up to and including March 13, 2025. Defendant did not file a response to this second motion to extend.

On March 13, 2025, plaintiff filed the instant contested motion to compel [DE-69], along

---

[9] In the memorandum in support of her motion for protective order, plaintiff notes a "forthcoming motion to compel." [DE-61] at 2.

3

with 17 exhibits [DE-69-1 to DE-69-17] ("Exhibit 1" to "Exhibit 17"). Exhibits 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, and 17 [DE-69-6 to 69-10; 69-12 to 69-17] were provisionally filed under seal, and respectively filed as proposed sealed documents [DE-70 to -80] (collectively "provisionally sealed exhibits"). Plaintiff also filed a 46-page memorandum in support of her motion to compel [DE-82],[10] contemporaneously with a motion for leave to file excess pages [DE-81].[11] The court received no request for a telephonic discovery conference prior to plaintiff's filing of the motion to compel. Defendant responded in opposition to plaintiff's motions to compel and to file excess pages [DE-99].

On March 19, 2025, plaintiff filed a motion [DE-89], with a memorandum in support [DE-90], to unseal each of the provisionally sealed exhibits to her motion to compel. On March 20, 2025, defendant filed a motion strike plaintiff's motion to compel or, in the alternative, to seal certain provisionally sealed exhibits to plaintiff's motion to compel [DE-92].

## II. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DE-60]

Plaintiff seeks a protective order to "(1) preclude[e] [d]efendant from taking an additional deposition of [p]laintiff . . . in violation of F.R. Civ. P. Rule 30(ii) without leave of court"; and "(2) quash[] the subpoena issued by [d]efendant [to Continuum Global Solutions, LLC ("Continuum")] . . . from seeking discovery to support an 'after acquired evidence' defense which was asserted for the first time in supplemental/amended initial disclosures served on [p]laintiff on January 17, 2025." [DE-60] at 1. In the motion, plaintiff certifies "that she conferred with opposing counsel regarding her objections to the noticed deposition and opposing counsel

---

[10] While the filing [DE-82] is 48 pages in length, the case caption, the signature block, and certificate of service are not included in the page limits pursuant to Local Civil Rule 7.2.(f)(1).

[11] "A memorandum support of . . . a discovery motion shall not exceed 10 pages in length . . . [or] 2800 words." *See* Local Civil Rule 7.2(f).

4

indicated a willingness to change the date but not a willingness to not take the deposition." [DE-60] at 1.

Defendant argues that plaintiff's motion for protective order should be denied because: (1) plaintiff failed to comply with meet and confer requirements under the Local Civil Rules and this court's order; (2) plaintiff expressly agreed to sit for a second deposition and should not be permitted to provide large volumes of documents to defendant shortly before the end of discovery and refuse to testify about them; and (3) defendant's subpoena to Continuum is narrowly tailored, and seeks discoverable information related to plaintiff's credibility and damages, consistent with the Federal Rules of Civil Procedure. *See* [DE-63] at 1. Defendant also request fees associated with opposing plaintiff's motion to compel. *See id.* at 9.

## A.     **Applicable legal standards**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and notices of deposition. *See generally* Fed. R. Civ. P. 26-37. The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

The court is authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

5

Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D). "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998).

"A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Equal Emp. Opportunity Comm'n v. Luihn Food Sys.*, Inc., No. 5:09-CV-387-D, 2011 WL 649749, at *2 (E.D.N.C. Feb. 11, 2011). "A motion for a protective order is subject to a conferral certification requirement comparable to that for motions to compel[,]" namely that the movant has in good faith conferred or attempted to confer with the" opposing party to agree on the form of the protective order "without court action." *Primrose v. Castle Branch, Inc.*, No. 7:14-CV-235-D, 2016 WL 917318, at *4-5 (E.D.N.C. Mar. 8, 2016).

## B. Meet and confer requirement

Defendant contends that plaintiff's motion should be denied because plaintiff failed to meet and confer with defendant prior to filing her motion. [DE-64]. The Local Civil Rules provide that a party bringing a discovery motion "must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c)(2). This court has routinely held that the meet and confer "obligation is not satisfied by an exchange of written correspondence; rather, counsel should at a minimum conduct a telephone conference in an attempt to resolve the dispute prior to filing a motion." *Gonzalez-Rodriguez v. Gracia*, No. 5:21-CV-406-BO, 2023 WL 149978, at *2 (E.D.N.C. Jan. 10, 2023). "[T]he court may summarily deny a discovery motion for failure to satisfy the meet and confer requirement." *Id.* (citing *Bethea v. Ellis*, No. 5:16-CV-178-D, 2017 WL 2473170, at *3 (E.D.N.C. June 7, 2017)).

Plaintiff's counsel states that "she conferred with opposing counsel regarding her

6

objections to the noticed deposition and opposing counsel indicated a willingness to change the date but not a willingness to not take the deposition." [DE-60] at 1. Defendant's counsel maintains that "the parties have not met and conferred regarding either issue raised by [plaintiff] in her Motion despite [plaintiff's] statements to the contrary" and that "[t]he only communication the parties had regarding either the deposition or subpoena was an email exchange on January 12, 2024." [DE-63] at 5. Defendant specifically highlights that "[w]hile [plaintiff] claims the parties met and conferred on the deposition issue, she did not certify that the parties met and conferred on the subpoena to Continuum ("Continuum subpoena"), amounting to an admission that she did not follow Local Rule 7.1, or the Court's order." [DE-63] at 5.

The court reiterates that the meet and confer requirement "is not satisfied by an exchange of written correspondence; rather, counsel should at a minimum conduct a telephone conference in an attempt to resolve the dispute prior to filing a motion." *See Gonzalez-Rodriguez*, No. 5:21-CV-406-BO, 2023 WL 149978, at *2. Plaintiff has not represented any attempt to meet and confer with respect to the Continuum subpoena. The court *sua sponte* notes, in addition, that plaintiff failed to "request a telephonic discovery conference before the undersigned" "prior to filing any motion raising a disputed issue of or relating to discovery, including any disputed motion . . . for protective order, or to alter discovery." [DE-55] at 3.

In this instance, however, the undersigned need not determine whether plaintiff's failure to meet and confer or to request telephonic discovery conference as required, with respect to at least one of the issues raised in the motion for protective order, constitutes an independent ground for denial of plaintiff's motion for protective order; the motion is subject to denial on the merits for the reasons discussed below.

7

## C. Second deposition of plaintiff

Regarding the taking of her second deposition, plaintiff argues that:

> [Fed. R. Civ. P.] 30(a)(2)(A)(ii) explicitly requires [defendant] to obtain "leave of court" if the party has already been deposed. Not only did [d]efendant notice the deposition with no consultation with [p]laintiff but [d]efendant did not seek leave of court prior to serving the notice of deposition.

[DE-61] at 11.

Defendant contends that the Rule 30 requirement to seek leave of court before noticing a second deposition "by its own terms, does not apply to this situation because the parties previously stipulated to the deposition." [DE-63] at 6. Defendant originally deposed plaintiff on September 23, 2024. *See* [DE-61] at 4; [DE-63] at 2. Defendant contends that during this deposition, plaintiff revealed that she had numerous documents on her personal computer that (i) were potentially responsive to defendant's document requests served on December 18, 2023, and (ii) had never been provided to defendant. [DE-63] at 2.

The joint status report filed on September 23, 2024 ("September 23 joint status report"),[12] provided that:

> Despite not receiving [certain outstanding] records, the Parties proceeded with [plaintiff's] deposition as scheduled subject to the stipulation that [plaintiff] agrees to appear to be deposed for a second day on a mutually agreeable date and time, regarding documents produced or received on or after September 19, 2024.
>
> []The Parties will meet and confer to determine how much time Anderson will sit for the second day of her deposition which will be limited to documents not produced to [defendant] prior to [plaintiff's] deposition and will seek Court intervention only if they are unable to reach accord.

[DE-44] at 2.

Defendant's counsel indicates that after multiple attempts to follow up with plaintiff's

---

[12] The joint status report [DE-44] was filed by counsel for defendant, but was signed by counsel for both parties. *See* [DE-44] at 3.

counsel regarding the additional documents referenced at plaintiff's first deposition, plaintiff provided over 30,000 pages of emails and documents, on January 1, 2025. [DE-63] at 2. On January 10, 2025, defendant's counsel noticed plaintiff for a second deposition. [DE-60-1].

Rule 30(a)(2) provides, as relevant here, that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Accordingly, the requirement to seek leave from the court under Rule 30(a)(2)(A)(ii) has two necessary pre-conditions; that (i) the deponent has already been deposed, *and* (ii) the parties have not stipulated to the deposition. The parties' joint status report expressly provided that plaintiff's initial deposition was held "subject to the stipulation that [plaintiff] agrees to appear to be deposed for a second day on a mutually agreeable date and time, regarding documents produced or received on or after September 19, 2024." [DE-44] at 2. Plaintiff does not explain how the September 23, 2024 joint status report fails to evidence a stipulation to the deposition under Rule 30(a)(2)(A). Accordingly, plaintiff's request for a protective order from a second deposition is DENIED.

## D. Continuum subpoena

Plaintiff's arguments in support of a protective order to block the Continuum subpoena focus on the doctrine of the after-acquired evidence defense. On January 13, 2025, defendant provided its third set of supplemental initial disclosures where it, for the first time, mentioned an "after-acquired evidence" defense.[13] [DE-61] at 4; [DE-60-2]. On January 17, 2025, defendant served a notice of subpoena on Continuum, a former employer of plaintiff, to produce documents for employment-related documents. [DE-60-3]. Plaintiff contends that this subpoena is

---

[13] On March 3, 2025, defendant filed its motion to amend under which it seeks to add an "after-acquired evidence" affirmative defense. *See* [DE-64] at 1.

9

"presumably related to the 'after acquired evidence' defense." [DE-61] at 4.

"An after-acquired evidence defense limits an employer's liability when the employer discovers evidence of 'wrongdoing . . . of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 298 (4th Cir. 2009) (quoting *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995)). The Supreme Court in *McKennon*, explained that "[w]here an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362–63, 115 S.Ct. at 886–87.

Plaintiff notes that defendant did not raise the after-acquired evidence defense in its answer, and that "[i]n attempting to make this case into an after-acquired evidence case at this late date, [d]efendant has effectively deprived [p]laintiff of its ability to obtain evidence about the legitimacy of such a defense." [DE-61] at 7.

The *McKennon* court noted that:

> [t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts to award attorney's fees, mandated under the statute, 29 U.S.C. §§ 216(b), 626(b), and to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses.

*McKennon*, 513 U.S. at 363, 115 S.Ct. at 887.

Plaintiff contends that defendant's attempt to "undertake extensive discovery in [p]laintiff's background to unearth some shred of evidence that would support its new argument that [p]laintiff is not entitled to reinstatement or to limit her backpay" is precisely the type of abuse

10

the *McKennon* court sought to deter. [DE-61] at 8. Plaintiff's arguments focus heavily on whether defendant should be allowed to bring the after-acquired evidence defense. However, the court is not required to resolve this question in order to rule on the motion for protective order.

Even assuming that the court would not allow defendant to bring an after-acquired evidence defense,[14] plaintiff does not provide any reasoning to support her "assumption" that the Continuum subpoena is "related to the 'after acquired evidence' defense." [DE-61] at 4. The Continuum subpoena itself requests documents and material in Continuum's possession related to plaintiff's job application, job duties, job descriptions, job performance, disciplinary record, and compensation. [DE-60-3] at 9. Defendant has affirmatively represented that the evidence sought by the Continuum subpoena "had nothing to do with the after-acquired evidence defense" but rather is "seek[ing] records that may impeach [plaintiff's] credibility, which is a key issue in this case given all of the factual disputes involved, including [plaintiff's] prior misrepresentations related to her educational and employment history." [DE-63] at 3. The court finds defendant's provided rationale to be within the legitimate scope of discovery under Rule 26 and consistent with the information defendant requested in the Continuum subpoena.

Specifically, while plaintiff argues that "there is a genuine issue about whether [p]laintiff lied on any application to [defendant] about having a terminal college degree" ([DE-61] at 10), she does not explain why this "genuine issue" would bar a subpoena against Continuum, one of plaintiff's prior employers. Accordingly, the court finds that plaintiff has failed to satisfy her burden in proving that a protective order barring the Continuum subpoena is appropriate. Plaintiff's motion for protective order with respect to the Continuum subpoena is DENIED. *Smith*

---

[14] The court expressly does not opine on defendant's ability to add an after-acquired evidence defense in this order.

*v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009) (noting that "a party moving for a protective order . . . must make a particularized showing of why discovery should be denied, and conclusory or generalized statements in a motion for a protective order fail to satisfy this burden as a matter of law.").

### E. Costs and fees

Defendant requests costs and fees associated with bringing its response in opposition to plaintiff's motion for protective order. [DE-63] at 9. Defendant does not cite any legal basis or provide any argument supporting its request for such fees. Accordingly, the court in its discretion declines to award expenses.

### F. Discovery deadline

It is unclear from defendant's response to the motion for protective order whether defendant still seeks to hold the second deposition of plaintiff or to issue the Continuum subpoena. It appears that defendant does not, as defendant notes that "the issue is now moot and no further discovery should be propounded by the parties." [DE-63] at 5. However, to the extent that defendant continues to seek this discovery, the court will extend the discovery deadline for the limited purpose of allowing the second deposition of plaintiff and/or the issuance of the Continuum subpoena. Any deposition of plaintiff and any production of documents pursuant to the Continuum subpoena must occur no **later than May 30, 2025**. Any deposition of plaintiff may last for **no longer than two hours**. *See Hartnett v. Hardenbergh*, No. 3:23-CV-17-HEH, 2024 WL 4668513, at *4 (E.D. Va. Nov. 4, 2024) (allowing an additional hour of deposition of plaintiff based on new material that had not been produced by the time of the first deposition).

### III. **PLAINTIFF'S MOTIONS TO EXTEND [DE-65; 67]; TO COMPEL [DE-69]; AND TO FILE EXCESS PAGES [DE-81]**

On March 3, 2025, plaintiff filed her first motion to extend the time to file a motion to compel for five days until March 8, 2025.[15] *See* [DE-65] at 3. In this motion, plaintiff notes that "[o]pposing counsel has not been consulted due to the lateness of the hour but based on previous positions taken with regard to similar motions, [p]laintiff assumes opposing counsel does not consent to this extension of time." [DE-65] at 1. As grounds for the extension, plaintiff notes that defendant "objected to every single interrogatory and request for production of documents" (*id.* at 2), which plaintiff appears to have originally served on January 31, 2024 ([DE-69-2] at 1). Plaintiff further notes that defendant (1) made multiple document productions between March 28, 2024, and January 17, 2025; (2) provided multiple responses and objections to plaintiff's discovery requests between March 1, 2024, and August 3, 2024; and (3) did not supplement its discovery request production until September 27, 2024. *Id.* at 3. Plaintiff highlights that defendant "supplemented its initial disclosures twice, first on October 25, 2024, adding 13 new witnesses, and then subsequently on January 13, 2025, adding one witness and for the first time raising an affirmative defense not raised in its Answer or any discovery responses." *Id.*

Plaintiff concludes her first motion to extend by noting that "[c]ounsel began and has been working diligently on a motion to compel prior to the expiration of the discovery deadline, but due to the manner of production of documents by [defendant], [p]laintiff has been challenged by organizing the multiple responses." *Id.*

Defendant argues that this motion to extend should be denied because (1) plaintiff's

---

[15] The court takes judicial notice of the fact that March 8, 2025 is a Saturday, and while the deadline if expressed in days would generally "continue[] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," the court notes that plaintiff expressly requested in her motion "an extension of the deadline to file her motion by five (5) days, up to and *including March 8, 2025*." [DE-65] at 3 (emphasis added).

13

counsel failed to meet and confer; (2) the motion is untimely; and (3) pursuant to the court's discretion to allow the parties to move to the next phase. [DE-66]. Defendant notes that "as early as March 7, 2024, [p]laintiff's [c]ounsel began to threaten to file motions to compel against [defendant], and continued to do so over the next several months in writing, by phone and even during status conferences with the [c]ourt." *Id.*

On March 10, 2025, *i.e.*, two days after the March 8, 2025 deadline requested by plaintiff in her first motion to extend time, plaintiff filed her second motion to extend time, seeking leave to file a motion to compel by March 13, 2025. [DE-67]. As the reason for the delay, plaintiff's counsel cited her "cold-and-flu-like symptoms which progressed and intensified and finally resulted in counsel's inability to work for the remainder of the week and weekend" and that "no one else has been available to assist her with the same". [DE-67] at 2. As in her first motion to extend, plaintiff represented that "[o]pposing counsel has not been consulted due to the lateness of the hour but is assumed to oppose this motion."[16] *Id.* at 1.

On March 13, 2025, plaintiff filed (1) the instant motion to compel defendant's responses to 19 separate purported discovery deficiencies ([DE-69] at 3); (2) 17 exhibits in support of her motion to compel ([DE-69-1 to -69-17]), 11 of which were provisionally filed under seal (*see* [DE-70 to -80]); (3) a motion for leave to file excess pages [DE-81]; and (4) a 46-page memorandum in support of her motion to compel [DE-82]. Plaintiff's counsel provides that she had "in good faith conferred multiple times with opposing counsel regarding these discovery deficiencies in an effort to obtain the discovery listed below without court intervention as shown in [DE-69-2], which is only a representative sampling of the correspondence regarding multiple phone calls and emails

---

[16] The court notes that plaintiff's first motion to extend was filed at 11:26 p.m. Eastern Standard Time ("EST") on March 3, 2025, while her second motion to extend was filed at 10:21 p.m. EST on March 10, 2025.

14

regarding discovery." [DE-69] at 1.

On March 19, 2025, plaintiff filed a motion to unseal docket entries 70 through 80 [DE-89] ("motion to unseal"), and a memorandum in support thereof [DE-90]. On March 20, 2025, defendant filed a motion [DE-92], supported by a memorandum [DE-93], to strike plaintiff's motion to compel or, alternatively, to seal the provisionally sealed exhibits thereto. On March 27, 2025, defendant filed a response in opposition [DE-99] to plaintiff's motion for leave to file excess pages [DE-81] and motion to compel [DE-69]. Specifically, defendant argues that because plaintiff was not granted leave to file either motion, "neither motion is at issue, and no substantive response is required." [DE-99] at 1. On April 9, 2025, defendant filed a response in opposition [DE-103] to plaintiff's motion to unseal [DE-89].

## A.    Applicable legal standards

As noted above, the Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery. The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Under Rule 37, a motion to compel must include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(l). The Local Civil Rules additionally require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.l(c)(2). This court has the discretion to deny a motion to compel for failing to meet the

15

requirements of Fed. R. Civ. P. 37(a)(l) and Local Civ. R. 7.l(c)(2).  *Ferruccio v. Davis*, No. 5:19-CV-346-BO, 2020 WL 6706354 (E.D.N.C. Nov. 13, 2020).

**B.     Analysis**

The court does not consider the merits of plaintiff's motion to compel [DE-69] due to the multiple procedural deficiencies discussed below, including the motion's untimeliness.

The only discovery issue specifically cited by the parties in their January 3, 2025 status report related to the "approximately 30,000 pages of documents from the .pst file."  [DE-59] at 1. The parties noted that they met and conferred "to discuss the .pst file" on January 3, 2025, and "agreed that they [did] not require the assistance of the [c]ourt on the .pst issue at [that] time." but do not mention any other discovery topics that were discussed at that time.  *Id.*  The parties further provided that they "continue to meet and confer regarding discovery issues beyond the .pst file, and will notify the [c]ourt if its involvement becomes necessary."  *Id.*  Accordingly, the court construes these representations to suggest that the parties would notify the court, as directed, requesting a telephonic discovery hearing prior to the close of discovery, if any disputed issues remained.

The court notes that plaintiff's evidence in support of her meet and confer certification [DE-69-2] does not appear to demonstrate evidence of meet and confer call after January 3, 2025. The exhibit, which plaintiff cites as evidence of her meet and confer attempts and which appears to consist of an assortment of Excel tables, discovery documents and emails does not appear to document any meet and confer calls or meetings after September 5 or 6, 2024.  *See* [DE-69-2] at 126.  Accordingly, the court finds that plaintiff did not satisfy the meet and confer requirement under Local Civil Rule 7.1(c) with respect to some or all of the 19 alleged discovery deficiencies she raises in her motion to compel (*see generally* [DE-69]).

16

Additionally, the court notes that the discovery deadline, to which plaintiff expressly consented (*see* [DE-38] at 1), was January 31, 2025.

"While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions," *Ruth v. City of Creedmoor*, No. 5:13-CV-00862-BR, 2015 WL 1815475, at *3 (E.D.N.C. Apr. 21, 2015), "it is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period." *Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2 (E.D.N.C. July 19, 2022) (collecting cases); *Ali v. WorldWide Language Res.*, LLC, No. 5:20-CV-00638-D, 2022 WL 16727965, at *2 (E.D.N.C. Nov. 4, 2022) (same); *Nallapati v. Justh Holdings, LLC*, No. 5:20-CV-47-D, 2022 WL 4358205, at *2 (E.D.N.C. Sept. 20, 2022) (same). Plaintiff ignores this caselaw ([DE-65] at 1) and focuses instead on the Local Civil Rules, which provide that "[a]ll motions in civil cases except those relating to the admissibility of evidence at trial must be filed on or before 30 days following the conclusion of the period of discovery." Local Civil Rule 7.1(a). To the extent that plaintiff argues there is ambiguity between the caselaw and the Local Civil Rules in the timing for filing discovery motions, there was no ambiguity in the court's requirement for a party to "request a telephonic discovery conference before the undersigned" ([DE-55] at 3) before filing any of her discovery motions, which plaintiff failed to do. Additionally, plaintiff failed to file a motion to compel or an additional motion to extend within the time requested in her first motion to extend. *See* [DE-65] at 3 (expressly requesting an extension through March 8, 2025); [DE-67] (not filing second motion to extend until March 10, 2025).

A "district court has discretion to consider an untimely motion to compel if the movant 'offer[s] an acceptable explanation for [the motion's] tardiness.'" *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Spencer Med.*

17

*Assocs. v. Comm'r*, 155 F.3d 268, 273 (4th Cir.1998)). "Without a timely filing, the court will only consider a motion to compel for good cause." *Ali v. WorldWide Language Res.*, LLC, No. 5:20-CV-00638-D, 2022 WL 16727965, at *2 (E.D.N.C. Nov. 4, 2022) (first citing *Williams*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *3 (E.D.N.C. July 19, 2022); (then Fed. R. Civ. P. 16(b)(4))).

Plaintiff has not provided good cause or an acceptable explanation for the tardiness of the motion to compel. Plaintiff cites "the manner of production of documents by [d]efendant" as the cause for delay. [DE-65] at 3. However, according to her own filing, plaintiff was aware of defendant's objection (i) to her interrogatories by November 18, 2024, and (ii) to her requests for production by September 27, 2024. [DE-65] at 2-3. Defendant alleges that its most recent discovery responses were served on November 20, 2024 ([DE-66] at 5), while plaintiff alleges that documents were supplemented as late as January 17, 2024. The fact that defendant supplemented its productions on a rolling basis through January 17, 2025, however, does not mean that plaintiff only became aware of 19 different alleged discovery deficiencies after this time. Even plaintiff's exhibit, illustrating the alleged timeline of discovery events [DE-69-2], indicates that only one file responsive to plaintiff's requests for production was supplemented in January 2025 ([DE-69-2] at 14-15).

On January 3, 2025, the parties jointly provided that they "continue to meet and confer regarding discovery issues beyond the .pst file[, the specific issue at that time,] and will notify the [c]ourt if its involvement becomes necessary." *See* [DE-59] at 1. The parties were aware of the court's directive in this case, in addition to the requirements under the Local Civil Rules, that a telephonic discovery conference be requested prior to filing any motions to compel. *See* [DE-55] at 3. This requirement was put in place expressly to mitigate discovery difficulties in this case and

18

to promote efficient case administration, given the nature of the discovery disputes that had arisen. At a minimum, as of January 27, 2025, plaintiff was aware of additional discovery disputes, or the potential therefore, as a "forthcoming motion to compel" was noted in her memorandum in support of her motion for protective order ([DE-61] at 2).

Additionally, the Local Civil Rules further provide that any motion for an extension of time "must also show that the movant has in good faith conferred or attempted to confer with all parties and nonparties whose interests are directly affected by the motion." *See* Local Civil Rule 6.1. Plaintiff counsel's position that she did not "due to the lateness of the hour" ([DE-65] at 1) falls short of such a showing. There is no explanation as to why opposing counsel could have been consulted at a prior hour, especially as plaintiff appears to have been aware of an intention to file a motion to compel four days prior to end of discovery. *See* [DE-61] at 2, n.1 (plaintiff noting on January 27, 2025, in the memorandum in support of her motion for protective order her "forthcoming motion to compel"). As this court has found with respect to similar Local Civil Rules, "[t]he local rule[] at issue promote[s] the orderly resolution of discovery disputes." *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009).

With respect to the second motion to extend, the court notes that plaintiff's counsel taking ill is certainly a regrettable circumstance (*see* [DE-67] at 1-2). The court expressly makes no findings on whether this factor, standing alone, might constitute "an acceptable explanation for [the motion's] tardiness.'" *See U.S. ex rel. Becker*, 305 F.3d at 290. The court, however, notes that two attorneys have made notices of appearance on behalf of plaintiff in this case. *See* [DE-2]; [DE-48]. Plaintiff's counsel has not provided any explanation as to why one of them could not have filed the second motion to extend within the timeframe requested by the first motion to

19

extend.

The court expressly makes no finding on whether the procedural deficiencies, described herein, if taken individually would lead to the same result. However, the untimeliness of the motion to compel, as well as the totality of the deficiencies, as discussed above, supports the instant result. The court specifically notes that it has previously denied motions to compel filed shortly after the close of discovery, where the party seeking discovery failed to provide reasonable grounds to justify the untimeliness. *See Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2015 WL 1643258, at *3 (E.D.N.C. Apr. 13, 2015) (denying motion to compel filed three days after the close of discovery where the "issues raised by [p]laintiff were apparent after [d]efendants responded to [p]laintiff's first document requests . . . , yet [p]laintiff failed to bring these issues to the court while [d]efendants continued to produce documents on a rolling basis and to respond to further discovery requests in the same purportedly deficient manner."); *Sager v. Standard Ins. Co.*, No. 5:08–CV–628–D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (unpublished) (denying as untimely motion to compel filed three weeks after the close of discovery where plaintiff provided no reason for the delay and failed to show good cause for the court to "essentially amend its Scheduling Order to reopen fact discovery.")

Accordingly, plaintiff's first motion to extend [DE-64] and second motion to extend [DE-65] are each DENIED; plaintiff's motion to compel [DE-69] is DENIED; and plaintiff's motion for leave to file excess pages [DE-81] is DENIED AS MOOT.

## IV. PLAINTIFF'S MOTION TO UNSEAL EXHIBITS [DE-89] AND DEFENDANT'S MOTION TO STRIKE OR SEAL EXHIBITS [DE-92]

On March 19, 2025, plaintiff moved to unseal [DE-89] the documents that she provisionally filed as proposed sealed documents pursuant to the joint protective order in this case. Specifically, plaintiff seeks to unseal Exhibits 6 to 10 and 12 to 17 [DE-69-6 to 69-10; 69-12 to 69-17] to the motion to compel, respectively filed as proposed sealed documents [DE-70 to -80]. In support of her motion to unseal documents [DE-89], plaintiff argues that:

> [t]he provisionally sealed documents contain virtually no confidential information which should keep them from being viewed by the public, at least in a redacted form with regard to sensitive personnel information, and for that reason, [p]laintiff has moved to unseal the documents or in the alternative to file documents redacted to conceal sensitive personnel information.

[DE-90] at 1.

On March 20, 2025,[17] defendant responded in opposition with a motion to strike the motion to compel or, in the alternative, to seal provisionally sealed Exhibits 6, 7, 9, 10, and 12 to 17 [DE-70; 71; 73; 74; 75 to 80]. *See* [DE-92] at 1. Defendant argues that plaintiff's motion to compel should be struck because plaintiff "indiscriminately attached over 1000 pages of exhibits for the [c]ourt to review, purportedly in support of the [m]otion to [c]ompel, notwithstanding that only a tiny fraction of the exhibits actually relate to the [m]otion to [c]ompel." [DE-93] at 1. Defendant alleges that plaintiff failed to abide by the practice preferences of United States District Judge James C. Dever III, which provide that "[b]efore filing any information that has been designated

---

[17] In her memorandum in support of the motion to unseal, plaintiff contends that defendant had seven days to file a motion to seal the documents provisionally filed under seal. *See* [DE-90] at 1. This is correct. *See* Electronic Case Filing Administrative Policies and Procedures Manual § V.G.1.(e)(ii) ("Within 7 days after service of [a notice that material has provisionally been filed under seal], the party or entity desiring that the material be maintained under seal must file a motion to seal, supporting memorandum and proposed order . . ."). Plaintiff's contention that defendant did not do so (*see* [DE-90] at 1) was premature at the time plaintiff filed her motion to unseal on March 19, 2025, six days after the documents were provisionally filed under seal on March 13, 2025. *See id.* Defendant timely filed its motion to strike or to seal on March 20, 2025. *See* [DE-92].

'CONFIDENTIAL INFORMATION' with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed." Practice Preferences – The Honorable United States District Judge James C. Dever III, available at https://www.nced.uscourts.gov/judges/deverpref.aspx (last visited May 2, 2025).

Defendant also notes that "[a]cross a 48-page memorandum [DE-82], [plaintiff] did not use a single page cite for her Exhibits." *Id.* at 4. Defendant further claims that unsealing the document would disclose the private information of non-parties and defendant's confidential business information. *Id.* at 9.

**A.      Motion to strike**

While the court has denied plaintiff's motion to compel [DE-69] due, in part, to untimeliness, it did consider specific portions of the motion to compel when considering plaintiff's compliance, or lack thereof, with certain procedural requirements of the court.[18] The court finds that sealing exhibits that contain confidential information is more appropriate than striking the motion to compel in its entirety. Accordingly, defendant's request to strike (*see* [DE-92] at 1) the motion to compel is DENIED. Plaintiff's motion to unseal and defendant's motion to seal the relevant exhibits is discussed below.

**B.      Applicable legal standards – Motion to seal**

The Fourth Circuit has directed that before sealing publicly filed documents, the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone*

---

[18] The court did not, however, rely on any information in the provisionally sealed exhibits in support of its decision to deny the motion to compel for the reasons discussed herein.

*v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the allegedly confidential personal third-party and business information relates to a motion to compel, and not a motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Before sealing a document, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its

23

decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco*, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quotations omitted).

## C.    Analysis - motion to seal

The documents in question have been filed as proposed sealed documents for over one month, providing interested parties a reasonable opportunity to object. *See Burnett v. Ford Motor Co.*, No. 3:13-CV-14207, 2015 WL 1781925, at *2 (S.D.W. Va. Apr. 15, 2015) (finding document "filed under seal, [which] has been designated as sealed on the Court's docket, and has remained sealed for a period in excess of one month pending the Court's order on the companion motion; this constitutes sufficient notice and reasonable opportunity for the public to be heard."); *see also Anderson v. Diamondback Inv. Grp., LLC*, 661 F. Supp. 3d 415, 429 (M.D.N.C. 2023), *aff'd,* 117 F.4th 165 (4th Cir. 2024) ("[T]he public has had notice of and reasonable opportunity to object to the motion to seal, as it was publicly filed on the docket of this case three months ago.").

Based on its review of proposed sealed exhibits, the court agrees with defendant's assessment that they contain at least some confidential third-party and business information, which would weigh in favor of sealing them. The exhibits, which defendant seeks to seal, contain non-party employee performance metrics and personally identifiable information. *See* [DE-93] at 3. "[C]ourts are often protective of the personal information of third parties." *Krakauer v. Dish Network*, L.L.C., No. 1:14CV333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (collecting cases).

Similarly, certain exhibits contain confidential business information such as (1) proprietary policies; (2) confidential investigation reports into plaintiff's discrimination complaints, (3) defendant's minute meetings, which discuss sensitive business information; and (4) information related to performance metrics. *See* [DE-93] at 3; [DE-70 to -71]; [DE-73 to -80]. Courts across

24

the country have routinely found similar confidential business information to warrant sealing. *See Colony Ins. Co. v. Peterson*, No. 1:10CV581, 2012 WL 1867047, at *9 (M.D.N.C. May 22, 2012), *report and recommendation adopted in part, rejected in part on other grounds*, No. 10CV581, 2012 WL 4369666 (M.D.N.C. Sept. 24, 2012) (granting motion to seal in light of finding that competitors could use proprietary business information to gain an unfair business advantage); *see also Natera, Inc. v. CareDx, Inc.*, No. 23-MC-80117-LJC, 2023 WL 4536375, at *2 (N.D. Cal. June 6, 2023) (finding that courts routinely grant motions to seal with respect to confidential business information such as information about the party's "business performance, structure, and finances"); *Coyle Nissan, LLC v. Nissan N. Am., Inc.*, No. 418CV00075TWPTAB, 2021 WL 9098119, at *2 (S.D. Ind. Mar. 17, 2021) (finding good cause to find that public disclosure of documents that reveal confidential business information could potentially create an unearned competitive business advantage). Plaintiff even appears to concede that certain information may require redaction, but provides no indication about the specific pages in her filing that would require such protections. [DE-90] at 1; *see also id.* at 3 (conceding that specific documents contain at least a "very little confidential information about [individuals] other than [p]laintiff"); *id.* at 4 (noting "documents which could arguably be considered confidential in Exhibit 15").

Defendant notes that Exhibit 6 [DE-70] includes both confidential and non-confidential information. [DE-93] at 3. Defendant concedes that Exhibit 8 [DE-72] and pages 1-5 of Exhibit 16 ([DE-79] at 1-5) have been de-designated and are no longer considered confidential. *See* [DE-93] at 3. Defendant further only requests to redact sensitive material from Exhibit 12 [DE-75].

With respect to the remaining documents, while the court generally refrains from broadly sealing swaths of documents, which likely contain both confidential and non-confidential information, *see Hall v. United Air Lines*, Inc., 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003), *aff'd*

25

*sub nom. Hall v. Am. Airlines*, Inc., 118 F. App'x 680 (4th Cir. 2004) (unsealing the exhibits where "the parties have filed thousands of pages under seal . . . including documents which could not possibly reasonably be considered to contain 'Confidential Information,' such as documents culled from the internet, court opinions, copies of newspaper or trade press articles, and annual reports for shareholders."), here, the court does not perceive any less drastic alternatives that would appropriately balance the interests in question.

As plaintiff provides essentially no pin cites in her arguments to any specific pages in the hundreds of pages contained in her exhibit, there is no straightforward basis to limit consideration to excerpts within the exhibits that specifically relate to plaintiff's arguments. Furthermore, the court agrees with defendant (*see* [DE-93] at 6) that neither the court nor defendant should be required to parse through over one thousand pages of documents identifying confidential information when the court is not substantively considering the merits of the information provided therein. As discussed above, as the motion to compel [DE-69] is being denied on procedural and not substantive grounds, and the court did not consider the proposed sealed exhibits in making its ruling on the motion to compel, the public interest in reviewing the relevant exhibits is negligible at most. *See Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (stating "to the extent the Court does not rely on the information in reaching its decision, no right of access applies").

Accordingly, defendant's motion to seal the exhibits to plaintiff's motion to compel is GRANTED [DE-92]. Plaintiff's motion to unseal documents [DE-89] is GRANTED IN PART with respect to (i) non-confidential portions of [DE-70], (ii) [DE-72] in its entirety, (iii) pages 1-5 of [DE-79], and (iv) non-redacted portions of [DE-75] and DENIED IN PART with respect to the remaining portions of [DE-70 to -71] and [DE-73 to -80].

## V.  CONCLUSION

For the reasons and on the terms set forth above, the court ORDERS as follows:

1.      plaintiff's motion for protective order [DE-60] is DENIED; specifically,

   a.      within seven (7) days of the date of this order, defendant is DIRECTED to file a notice with this court indicating whether it seeks: (1) to depose plaintiff for a second time, in accordance with the terms provided herein; (2) issue the Continuum subpoena to Continuum; or (3) both.

   b.      in the event that defendant timely files such notice and elects to take any discovery mentioned directly above, the discovery deadline IS EXTENDED for the limited purpose of allowing the second deposition of plaintiff, the issuance of the Continuum subpoena or both, as relevant.  Any deposition of plaintiff and any production of documents pursuant to the Continuum subpoena must occur **by May 30, 2025**; and

   b.      defendant's request for costs and fees associated in bringing its response in opposition to plaintiff's motion for protective order ([DE-63] at 9) is DENIED;

2.      plaintiff's first motion to extend [DE-65] is DENIED;

3.      plaintiff's second motion to extend [DE-67] is DENIED;

4.      plaintiff's motion to compel [DE-69] is DENIED;

5.      plaintiff's motion for leave to file excess pages [DE-81] is DENIED AS MOOT;

6.      plaintiff's motion to unseal proposed sealed documents [DE-89] is GRANTED IN PART and DENIED IN PART; specifically, the Clerk is DIRECTED to unseal Exhibit 8 [DE-72] to plaintiff's motion to compel;

27

7. defendant's motion to strike plaintiff's motion to compel is DENIED, but defendant's motion to seal proposed sealed exhibits [DE-70 to -71] and [DE-73 to -80] is GRANTED. Additionally, within seven (7) days of the date of this order:

a. plaintiff is DIRECTED to refile, not under seal: (i) all pages of Exhibit 6 [DE-70] that have not been designated as confidential and (ii) pages 1-5 of Exhibit 16 ([DE-79] at 1-5);

b. defendant is DIRECTED to file a redacted copy of Exhibit 12 [DE-75]; and

c. the Clerk is DIRECTED to maintain the following exhibits to plaintiff's motion to compel under seal: Exhibit 6 [DE-70]; Exhibit 7 [DE-71]; Exhibit 9 [DE-73]; Exhibit 10 [DE-74]; Exhibit 12 [DE-75]; Exhibit 13 [DE-76]; Exhibit 14 [DE-77]; Exhibit 15 [DE-78]; Exhibit 16 [DE-79]; and Exhibit 17 [DE-80] in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, the 2nd day of May, 2025.

_____
Brian S. Meyers
United States Magistrate Judge

28