UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Civil Action No. 4:23-cv-115

| | |
|---|---|
| CYNTHIA G. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO
FILE A CORRECTED COUNTERCLAIM**

NOW COMES the Plaintiff and responds to Defendant's motion for leave to file

a corrected counterclaim[1] and shows the Court the following:

**CONCISE SUMMARY OF THE NATURE OF THE CASE**

A summary of the case before the court has been presented multiple times. In

brief, Plaintiff Cynthia Anderson, a black female over 40, filed a constructive

discharge employment discrimination claim against Amazon after Anderson initiated

a discrimination complaint on February 9, 2021, about her receipt on February 3,

2021, of a negative performance evaluation ("least effective" or LE) and a performance

improvement plan (PIP or in Amazon vernacular "Focus") for the calendar year 2020

by her supervisors during 2020, Brion Nelson and Ashley Pringle (both white). Her

---

[1] Plaintiff does not oppose Defendants' motion to extend the deadline to file the Counterclaim.

initial discrimination complaint was based on the fact that Anderson had not received written, regular, specific, and documented feedback over the course of 2020 other than in two emails based on two "skip level" meetings. Anderson's constructive discharge (she gave notice mid-September to be effective October 1, 2021), resulted from Amazon's failure between February and September to communicate to her any findings related to her challenges to both her LE rating and her placement in Focus.

After Anderson's complaint in February, Melissa Smith (white) with Human Resources (HR), was directed by her supervisor Alysha Williamson (white) to conduct an investigation into Anderson's complaint that she had not received the kind and type of sufficient feedback described in Amazon policies and understood to be required in practice before issuing an LE rating and placement in Focus. Smith's investigation turned up only two written examples of feedback provided to Anderson in the form of emails, one by Nelson and one by Pringle, communicating "skip level" review summaries, and even that feedback contained both positive feedback ("strengths") and what Amazon called "opportunities" for improvement. The results of this "investigation" were not communicated to Anderson while she was on FMLA between February and July and apparently neither Nelson nor Pringle were interviewed and no data regarding Anderson's peers was collected or reviewed by Smith or Williamson.

When Anderson returned from FMLA to work in July, she followed up with her Williamson (white), (Smith had left Amazon by this time) and inquired about the status of her employment rating (LE) and whether she remained on Focus.

Williamson only then initiated an external investigation.  During July, August, and September, Amazon conducted an investigation but that investigation did not consider any data as to whether Anderson had been treated differently from her peers. Notably, Amazon has refused to produce discovery about Plaintiff's peers.  In addition, this investigation and the subsequent one initiated after Anderson escalated what she considered to be the lack of evaluation of whether Anderson's supervisors had provided Anderson, as required by Amazon's policies, written, regular, specific, feedback about specific performance deficiencies of such import that she would have known that she was going to be rated LE and be placed in Focus or whether she was treated differently from her peers.  Amazon's shifting examples of Anderson's performance deficiencies presented by counsel have no support in any documents presented to Anderson during her employment and appear in none of the investigations that were conducted. And were never presented to Anderson or to any one else at Amazon up to and through December 2021, when the "executive escalation" was concluded with no additional communication to Anderson.

**CONCISE STATEMENT OF THE FACTS RELATIVE TO THE MATTER BEFORE THE COURT FOR RULING**

The eighth defense which Amazon seeks to add concerning the after acquired evidence defense consists of one paragraph:

> Anderson's claims for damages are partially barred by the after-acquired evidence defense, because after Anderson's resignation from her employment, Amazon discovered information during the course of this litigation which, if known previously, would have resulted in Anderson's discharge. Anderson is not entitled to lost wages from the date of the discovery of this information onward.

DE64-17; DE136-1.  However, Amazon does not allege what "information it discovered information during the course of this litigation which, if known previously, would have resulted in Anderson's discharge."  *Id.* Even if this defense is allowed to be asserted, Plaintiff will be entitled to discovery this missing information as well as evidence that supports Amazon's contention that it has discharged other employees similarly situated to Anderson.

In addition, Amazon's contention is facially incredible that Amazon lacked information until Plaintiff's deposition and thereafter until January 1, 2025, about what credentials Anderson presented to Amazon in application for her position,  the contents of the postings with regard to the education and experience sought in applicants for the position, or what efforts Amazon made to verify any of Anderson's credentials. On June 30, 2025, the Court entered an Order noting that during Defendant's deposition of Plaintiff, on September 23, 2024, Amazon showed Plaintiff various resumes Plaintiff had produced during discovery which she had submitted for jobs with other employers **after her discharge by Amazon.[2]   None of these resumes were submitted to Amazon** by Anderson, nor has Amazon contended otherwise**.   Amazon has only referred obliquely to "information it discovered information during the course of this litigation which, if known previously, would have resulted in Anderson's discharge."

---

[2] Pursuant to the court's efforts to resolve the defendant's discovery dispute with plaintiff, between "August 21, 2024 and August 30, 2024, [plaintiff] produced 261 pages of documents related to her mitigation efforts and 11 versions of  her resumé."  [DE-64] at 5.  Defendant alleges that three of the resumes plaintiff produced indicated that she had a bachelor's degree in computer science.  *Id.*  DE134, p2.

Defendant represented and the Court found that "Defendant contends that while awaiting the production, 'it investigated [plaintiff's] education, job application, and position qualifications to assess the viability of the after-acquired evidence defense, including conducting interviews and working with [defendant] to track down historical data regarding [plaintiff's] 2019 initial job application and related materials.' *Id."* DE134, p3. However, Amazon cannot dispute that it has always had in its possession the resume submitted by Anderson for her position with Amazon, but only produced it on January 17, 2025, close to the expiration of the discovery period,[3] and its own job postings.

Amazon asserts its attorney work product after Anderson's deposition on September 23, 2024, and the production of the .pst file on January 1, 2025,[4] consisted of "investigat[ing] Anderson's education, job application, and position qualifications to assess the viability of the after-acquired evidence defense, including conducting interviews and working with Amazon to track down historical data regarding Anderson's 2019 initial job application and related materials." DE134,p5  However, the Court relied on counsel's representation in concluding that

> the position for which Anderson was hired required a Bachelor's degree or two years of  working experience at Amazon. See Exhibit I, Job Description, at 2 (noting a Bachelor's degree or two years of Amazon experience as a "Basic qualification[]"). When she was hired, Anderson had neither.

---

[3] Amazon produced the resume as AMZ-C_ANDERSON_002003.

[4] The Court characterizes this production as occurring "a mere 30 days before the close of discovery."  DE134, p6. This characterization should also apply to Amazon's production of discovery on December 24, 2024, and January 17, 2025, which had been in its possession since the inception of the litigation.

DE134, p5-6. This conclusion makes an implicit assumption that Anderson stated that she had a Bachelor's degree or two years of work experience with Amazon. Nothing on her resume makes these representations and Amazon could have verified both of these qualifications had they been important to Amazon before hiring Anderson.

Notably, Amazon does not plead in its Eighth Defense, made after months and months of discovery, that Plaintiff ever misrepresented her credentials or experience to Amazon or that it has a practice of terminating individuals who are hired without the requisite experience contained on a job posting, even if they have not made any affirmative misrepresentations of their education or experience, which would be a requisite element of an after acquired evidence defense required to pled affirmatively.

As to the counterclaim that Amazon seeks to add now and how it compares to DE64-17, Amazon's original proposed amended Answer and Counterclaim, it is equally deficient as the original proposed counterclaim. In paragraph 16, Amazon deletes the phrase "or when Amazon requested it." This deletion acknowledges that upon the first request by Amazon to return of the laptop, Anderson did in fact do so. Moreover, implicit in this amendment is an admission that the Agreement that Anderson's return of the laptop upon the request of Amazon meets the letter and spirit of the actual Agreement:

> 3.4 **Return of Confidential Documents**. *On the Separation Date, or at any time otherwise requested by Amazon,* Employee will immediately return all Confidential Information and other things belonging to Amazon, including tools, equipment, devices, or other property, and all documents, records, notebooks, and tangible articles containing or embodying any Confidential Information, including any copies (whether

> stored in paper, electronic, magnetic, or other form) then in   possession
> or control, whether prepared by Employee or others.

 DE64-11 (italics emphasis added).  The allegations in paragraph 16 that state that Anderson had an obligation to delete or notify Amazon that she had retained her laptop are simply facially inconsistent with the actual language of the Agreement which requires Anderson to return Amazon confidential documents *either on the separation date or at any other time requested.* Thus, this allegation does not state a facially plausible, nonspeculative claim for breach of contract.  This deficiency is repeated in paragraphs 21 and 27, as well.

Furthermore, in paragraphs 28 and 33, Amazon proposes to allege that "[a]fter her separation, Anderson accessed the contents of her Company laptop," (¶ 28) including the documents thereon.  Amazon implies that this access violates the Agreement, yet Amazon fails to state which language in ¶ 3.4 accessing the laptop violates.  Paragraph 3.4 nowhere states that "accessing" the laptop is forbidden.

And in paragraph 29, Amazon acknowledges that Anderson complied with the Agreement, ¶ 3.4 by returning the laptop upon Amazon's counsel's request. Amazon's allegations "upon information and belief" in ¶ 36made post Plaintff's deposition about the same subject matter make these non-specific allegations speculative and implausible.  Amazon could have asked Plaintiff at her deposition if the still possesses any "additional Company property and/or unproduced Amazon documents with Confidential Information" but apparently did not.

Finally, in an attempt to make an allegation sufficient to meet the element of damages, required for a breach of contract claim, Amazon states only that it "expects"

to incur forensic investigation costs. This statement does not meet the requirement that Amazon have been damaged by Plaintiff's return of the laptop upon Amazon's request instead or prior to her separation.

**ARGUMENT**

The motion to amend the Complaint to assert an affirmative defense fails for the same reasons stated in Plaintiff's Response to the original motion, which is incorporated herein by reference. DE98. The amended counterclaim also fails because it does not state a breach of contract claim for which relief can be granted. Under Rule 15(a), "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). Plaintiff has already argued that the assertion of a counterclaim at this late date is in bad faith and prejudicial and futile. DE98.

The proposed amended counterclaim that Plaintiff violated ¶ 3.4 is likewise futile because it would be subject to dismiss because Defendants can not show that Plaintiff's failure to return the laptop on her separation date was unacceptable when she returned other equipment shortly after her separation and finally the laptop upon Amazon's request, all of which are acceptable alternatives under ¶ 3.4. "To survive the motion, a complaint (or counterclaim, as is the case here) must contain sufficient facts to state a claim that is 'plausible on its face.'" *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). If thee

-8-

allegations are found plausible, then additional discovery will be needed into both the affirmative defense pled by Amazon and the breach of contract claim and Amazon will be required to show that it has routinely terminated individuals who apply for jobs with Amazon even if they don't meet the exact requirements and that Amazon has interpreted ¶ 3.4 to require all property to be required on the date of separation. If not, then Amazon will have to show how it has interpreted the alternative language "upon request" in order to show that the language in the Agreement is not susceptible to the interpretation given to it by Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant's motion to amend its Complaint to allege an Eighth Defense of "after acquired evidence" and a counterclaim against Plaintiff under ¶ 3.4 as Amazon alleges in its proposed amended counterclaim.

Respectfully submitted, this 29th day of July 2025.

<table>
<tr><td>/S/ VALERIE L. BATEMAN</td><td>/S/ HEATHER A. BENJAMIN</td></tr>
<tr><td>Valerie L. Bateman</td><td>Heather A. Benjamin</td></tr>
<tr><td>NC State Bar: 13417</td><td>NC State Bar 28238</td></tr>
<tr><td>NEW SOUTH LAW FIRM</td><td>NEW SOUTH LAW FIRM</td></tr>
<tr><td>209 Lloyd St., Ste 350</td><td>209 Lloyd St., Ste 350</td></tr>
<tr><td>Carrboro, NC 27510</td><td>Carrboro, NC 27510</td></tr>
<tr><td>T: 919-810-3139</td><td>T: 919-969-9734</td></tr>
<tr><td>F: 919-823-6383</td><td>F: 919-823-6383</td></tr>
<tr><td>valerie@newsouthlawfirm.com</td><td>heather@newsouthlawfirm.com</td></tr>
<tr><td>*Attorney for Plaintiff*</td><td>*Attorney for Plaintiff*</td></tr>
</table>

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing **DOCUMENT** using the

CM/ECF filing system which will automatically send email notification of such filing

to all counsel of record.

This 29th  day of July 2025.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM