IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-115-BO-BM

| | | |
|---|---|---|
| CYNTHIA G. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for summary judgment [DE 83]. Plaintiff responded [DE 109] and defendant replied [DE 123]. In plaintiff's response [DE 109], she moved to defer consideration of summary judgment pending defendant's production of discovery under Fed. R. Civ. P. 56(d). Defendant's reply in support of summary judgment [DE 123] opposed that motion. A hearing was held before the undersigned on September 18, 2025, in Raleigh, North Carolina. In this posture, the motion is ripe for decision. For the following reasons, plaintiff's motion to defer consideration of summary judgment is denied and defendant's motion for summary judgment is granted.

BACKGROUND

Plaintiff Cynthia Anderson is an African-American woman over the age of forty. [DE 10-3, p. 2]. Defendant Amazon hired plaintiff on May 6, 2019 as a manager in the customer service department of their grocery business line. [DE 110, ¶ 15]. Among other duties, she was responsible for the coordination and productivity of a team working in the contact center. *Id.* at ¶ 16. In early 2020, Amazon underwent internal restructuring and plaintiff's team became a part of the shipping and delivery support unit. *Id.* at ¶ 24.

Plaintiff received feedback on her work performance through weekly one-on-one meetings with her supervisors, occasionally through "skip-level" meetings (including both plaintiff's supervisors and her subordinates, attended by non-adjacent levels of management), and through a written year-end review process. *Id.* at ¶¶ 53, 59, 67, 71–72. At her year-end review for 2020, plaintiff received a rating of "least effective," which was the lowest rating available on Amazon's performance measurement scale at the time. *Id.* at ¶ 76; [DE 85-18]. Subsequently, on February 2, 2021, plaintiff was placed on a "performance improvement plan" (PIP), which is a thirty- to sixty-day period during which managers commit to providing structured feedback and coaching to help the employee improve her performance. [DE 110, ¶ 78]. After being placed on the PIP, plaintiff expressed that she felt she was the victim of disparate treatment, triggering an internal investigation. *Id.* at ¶ 89.

On February 8, 2021, plaintiff went on a medical leave of absence. *Id.* at ¶ 90. Amazon suspended its investigation until she returned from medical leave. *Id.* at ¶ 91. Plaintiff extended her leave several times, including after the statutory leave under the Family and Medical Leave Act expired. *Id.* at ¶ 92. She returned to work on July 7, 2021. *Id.* at ¶ 93. After plaintiff returned to work, an Amazon investigator concluded that plaintiff's discrimination claims were unsubstantiated. Disagreeing with the finding, plaintiff sought another investigation at a higher level. These new investigators determined that plaintiff's supervisors might not have clearly expressed to her the magnitude or particulars of her underperformance. Addressing the possibility that the performance feedback plaintiff received was insufficient, the investigators recommended plaintiff be taken off the PIP. *Id.* at ¶¶ 101–109. Before plaintiff was notified that she would be removed from the PIP, however, she tendered her resignation on September 20, 2021. *Id.* at ¶ 110. Her last day was October 1, 2021. *Id.* at ¶ 111.

2

Plaintiff asserts claims for retaliation, harassment, and discrimination on account of her race, color and age in violation of Title VII, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act (ADEA). She also asserts a claim for Family Medical Leave Act (FMLA) retaliation.

DISCUSSION

**I. Motion to Deny or Defer Consideration of Defendant's Motion for Summary Judgment**

After defendant moved for summary judgment, plaintiff moved to defer consideration of summary judgment pending defendant's production of discovery under Fed. R. Civ. P. 56(d). [DE 109]. "When a party objects to summary judgment and files a Rule 56(d) motion, a court 'may' allow discovery to proceed if that party 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *McClure v. Ports*, 914 F.3d 866, 874 (4th Cir. 2019) (quoting Fed. R. Civ. P. 56(d)). "But if 'the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment,' then a court may deny the motion." *Id.* at 875 (quoting *Pisano v. Strach*, 743 F.3d 927 (4th Cir. 2014)).

Neither plaintiff's response in opposition to summary judgment [DE 109] nor the declaration in support of her 56(d) motion [DE 110] explains how the allegedly withheld discovery would create a genuine issue of material fact. Plaintiff generally seeks to discover additional evidence about Amazon's policies, including what warrants skip-level feedback and the parameters governing performance evaluations. [DE 109]. Her generic arguments "merely parrot the potential benefits" of reopening discovery. *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018).

3

Furthermore, the evidence she appears to seek would support only her argument that defendant's purported reasons for terminating plaintiff are pretextual. *See* [DE 109, p. 14]. Under the burden shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973), pretext becomes relevant only if the plaintiff can support a prima facie case for discrimination. As discussed further below, plaintiff fails to establish her prima facie case because she provides no evidence that she experienced an adverse employment action—and she does not seek further discovery on that issue. *See* [DE 109, p. 14]. The motion to defer consideration of summary judgment [DE 109] is denied.

## II. Motion for Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory

4

allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

a. <u>*Discrimination and Retaliation Claims: Title VII, 42 U.S.C. § 1981, ADEA, FMLA*</u>

The elements of a disparate treatment claim under Title VII are "(1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). The elements of a discrimination claim under 42 U.S.C. § 1981 are the same as Title VII. *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). An age discrimination claim under the ADEA has the same elements, *see Bodkin v. Town of Strasburg, Virginia*, 386 F. App'x 411, 413–14 (4th Cir. 2010), but plaintiffs additionally must prove that age was a "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

To establish a prima facie case of retaliation, plaintiff must demonstrate "(1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022). These elements apply to retaliation claims under Title VII, § 1981, the ADEA, and the FMLA. See *id.*; *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (elements of a retaliation claim under Title VII and § 1981 are identical); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006) (FMLA is analogous).

"An adverse employment action is a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (cleaned up, citation omitted). Plaintiff's summary judgment filings identify two occurrences as adverse employment actions: first, plaintiff's "least effective" rating

5

in her performance review and her subsequent placement on a performance improvement plan (PIP); second, that defendant failed to notify her that she was being taken off the PIP. [DE 109, p. 9]; [DE 110, ¶ 79]. "Where a plaintiff pleads that a negative performance review constitutes an adverse employment action he must explain and quantify how that review might impact his current pay or employment opportunities." *Ramirez-Rodriguez v. Wal-Mart Stores E., L.P.*, No. 5:12-CV-585, 2013 WL 3356566, at *3 (E.D.N.C. July 3, 2013) (citing *Holland*, 487 F.3d at 219).

The unfavorable rating in plaintiff's performance review and placement on a performance improvement plan are not adverse employment actions for purposes of her legal claims. While on the PIP, plaintiff remained eligible for promotions and internal transfers, although she would need additional approval before being internally transferred. [DE 85-20]. She did not apply for a promotion or internal transfer while on the PIP. [DE 110, ¶¶ 62, 97]. While her stock units stopped vesting during her extended leave of absence, *id.* at ¶ 96, plaintiff points to no evidence suggesting the PIP itself affected her compensation. Plaintiff provides no evidence to support her conclusory assertion that the "least effective" performance rating and placement on the PIP adversely impacted her job title, pay, work schedule, or employment opportunities. To support her assertion that the least effective rating and PIP were adverse employment actions, plaintiff cites only an excerpt of a deposition [DE 69-11] which does not reference the PIP's effect on the terms, conditions, or benefits of her employment. [DE 110, ¶ 79]. Although resigning while on the PIP would typically have made plaintiff ineligible for rehire, the PIP never had that practical effect on her future employment opportunities because HR removed her from the PIP and restored her rehire eligibility before processing her resignation. [DE 69-12]; [DE 75].

Plaintiff's second theory of adverse action fails for similar reasons. If being placed on a performance improvement plan—a formal recognition of underperformance—intuitively

6

resembles an adverse employment action, it is hard to imagine how being taken *off* the performance improvement plan can be an adverse employment action. If being taken off the PIP had any effect on her employment, it would only have been positive. Whether Amazon explained the reasoning behind this boon is immaterial.

Defendant has demonstrated the absence of a genuine factual dispute regarding whether plaintiff endured adverse employment action. Defendant's memorandum in support of summary judgment [DE 84] identified several theories on which plaintiff might have proceeded, including that plaintiff was constructively discharged (an adverse employment action), and separately discussed whether plaintiff's comparators were similarly situated. Plaintiff's response in opposition [DE 109] failed to address and waived these issues. *See Kettle v. Leonard*, No. 7:11-CV-189-BR, 2012 WL 4086595, at *5 (E.D.N.C. Sept. 17, 2012) ("failure to oppose movant's argument in brief opposing motion for summary judgment implicitly concedes the argument") (citation omitted). Plaintiff has not carried her burden to provide evidence establishing a prima facie case of discrimination or retaliation.

b. *Hostile Work Environment Claims: Title VII, 42 U.S.C. § 1981, ADEA*

The elements of a hostile work environment claim "are the same under either § 1981 or Title VII." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001); *see Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (purported hostile work environment claim under the ADEA had the same elements).

> To prevail on a hostile work environment claim, a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's protected characteristic; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.

*Guessous*, 828 F.3d at 221 (cleaned up).

7

Nowhere in plaintiff's memorandum in opposition to summary judgment does she identify what unwelcome conduct she contends was so severe or pervasive that it altered the conditions of her employment and created an abusive work environment. Defendant's memorandum in support of summary judgment [DE 84] speculates on what incidents form the basis of the hostile work environment claims. It offers four examples of conduct that plaintiff alleges was unwelcome: (1) that she was subject to team realignments, (2) that she was accused of not being a team player, (3) that she felt HR was aligned with management, and (4) that a coworker "intimidated" her by referencing a phone call she allegedly had with the investigator handling the internal investigation into plaintiff's discrimination allegations. *Id.* at p. 25. None of these is so severe or pervasive that it altered plaintiff's work conditions or created an abusive environment. *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (no hostile work environment even where supervisors yelled at employee, told her she was a poor manager, chastised her in front of customers, and required her to work with an injured back). In any event, plaintiff waived argument on this issue by failing to address it in her response. *See* [DE 109]; *Kettle v. Leonard*, No. 7:11-CV-189-BR, 2012 WL 4086595, at *5.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to defer consideration of summary judgment pursuant to Fed. R. Civ. P. 56(d) [DE 109] is DENIED and defendant's motion for summary judgment [DE 83] is GRANTED.

SO ORDERED, this **10** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8