Civil Action No. 4:23-cv-115

| | |
|---|---|
| CYNTHIA G. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S CORRECTED COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff Cynthia G. Anderson respectfully submits this Memorandum in Support of her Motion to Dismiss Defendant Amazon.com Services LLC's Corrected Counterclaim (DE148) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted:

### INTRODUCTION

.Amazon's counterclaim alleges breach of Section 3.4 of the Confidentiality, Noncompetition, and Invention Assignment Agreement executed by the parties on May 1, 2019. The counterclaim is fundamentally deficient under the Fourth Circuit's well-established pleading standards and fails to state a plausible claim for breach of contract for multiple independent reasons.

First, the counterclaim alleges breach based on conduct that actually complies with the plain language of the contract. Section 3.4 provides two alternative methods for return of company property: return on the Separation Date, or at any time otherwise requested by Amazon. Plaintiff satisfied this contractual obligation by returning the company laptop on June 27, 2025, upon Amazon's request. Amazon's allegation that Plaintiff breached by failing to return property immediately upon separation ignores the contract's explicit alternative language permitting return at any time otherwise requested. Under Fourth Circuit contract interpretation principles, courts enforce a contract's plain language and do not write the contracts of the parties retroactively. The counterclaim's core allegation is foreclosed as a matter of law by the contract's unambiguous terms.

Second, the counterclaim fails to adequately plead damages, which is an essential element of any breach of contract claim. Amazon alleges only that it expects to incur forensic investigation costs without specifying the amount, providing evidence of costs actually incurred, or explaining why such costs are a foreseeable result of the alleged breach. Under the Fourth Circuit's plausibility standard, speculative and conclusory allegations regarding anticipated future costs do not satisfy the pleading requirements.

Third, the counterclaim contains speculative allegations made upon information and belief that Plaintiff may possess additional documents, made after extensive discovery and two depositions of Plaintiff. These bare assertions, unsupported by any concrete factual indicators or specific missing categories of

documents, fail to cross the line from possibility to plausibility under Fourth Circuit precedent.

Fourth, the counterclaim attempts to impose contractual obligations-specifically, deletion of documents and notification to Amazon-that are not stated in Section 3.4's text. Courts do not enforce implied terms where the contract speaks to the subject matter, and Amazon cannot now enforce obligations the parties did not agree to include.

Finally, the deficiencies in the counterclaim are rooted in legal and contractual interpretation issues that cannot be cured by amendment. The plain language of Section 3.4 forecloses Amazon's breach theory as a matter of law, and amendment cannot alter the meaning of the contract's unambiguous terms.

For these reasons, the Court should grant Plaintiff's motion to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

### A. The Employment Relationship and Confidentiality Agreement

On or about May 1, 2019, Plaintiff Cynthia G. Anderson executed a Confidentiality, Noncompetition, and Invention Assignment Agreement as a condition of her employment with Defendant Amazon.com Services LLC as a Customer Service North America Operations Manager in a remote Virtual Customer Services role. The Agreement was signed by both Plaintiff and Amazon's Vice President of Human Resources, Beth Galetti, and most importantly,

**constitutes the entire understanding between the parties** regarding Plaintiff's confidentiality obligations.

The Agreement contains several relevant provisions. Section 3.1 requires Plaintiff to hold all confidential information in strictest confidence and not to disclose such information except as required in connection with her work for Amazon without prior written approval. Section 3.2 requires Plaintiff to take reasonable measures to prevent unauthorized persons from obtaining access to confidential information. Section 3.4, the provision at issue in the counterclaim, states:

> On the Separation Date, or at any time otherwise requested by Amazon, Employee will immediately return all Confidential Information and other things belonging to Amazon, including tools, equipment, devices, or other property, and all documents, records, notebooks, and tangible articles containing or embodying any Confidential Information, including any copies (whether stored in paper, electronic, magnetic, or other form) then in possession or control, whether prepared by Employee or others.

Section 7.4 of the Agreement provides that any breach may cause Amazon irreparable harm and authorizes equitable relief, including injunctive relief, without limiting other available remedies.

B. **Plaintiff's Separation from Employment and Retention of Documents**

On July 11, 2023, Plaintiff filed the underlying employment discrimination complaint against Amazon alleging discrimination based on race, color, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, as well as constructive discharge.

Plaintiff resigned from her employment with Amazon effective October 1, 2021. On or about October 1, 2021, Amazon sent a letter to Plaintiff reminding her of her obligations under the Agreement. At no time did Amazon specifically demand the return of any specific equipment pursuant to its contractual rights. When Anderson received a label at her address in Charlotte, she returned all equipment in her possession in Charlotte. Her laptop was not located in Charlotte at the time of this initial return of Amazon equipment.

During her employment, Plaintiff kept copies of work-related emails on her personal computer in her work email account and in her Gmail account. These documents were not returned to Amazon on the Separation Date, nor did Amazon make any request for these documents. Post-employment, given the circumstances of her constructive discharge, Plaintiff retained approximately 30,000 pages of documents. During discovery, Plaintiff sought a complete production of her work emails between herself and certain individuals, but Amazon refused to produce these emails.

C. **Discovery Process and Disclosure of Retained Documents**

On December 18, 2023, Amazon served document requests on Plaintiff requesting, among other things, documents and emails concerning any leave of absence requested or granted during Plaintiff's employment, documents relating to the allegations in Plaintiff's discrimination complaint, and documents identified in Plaintiff's initial disclosures.

On September 23, 2024, Amazon deposed Plaintiff for the first time. During this deposition, Plaintiff disclosed that she had in fact realized that she had documents on her personal computer in the form of emails that were responsive to Amazon's document requests served nine months earlier on December 18, 2023, which had never been produced. At this time, Amazon became aware of the existence of these documents, although it did not yet have them and was unable to review their contents. Amazon was aware that Anderson was attempting to produce the documents but was being hampered by the file size of the emails.

On January 1, 2025, Plaintiff produced over 30,000 pages of emails and documents in response to Amazon's discovery requests. These documents included Excel files and emails copied from Plaintiff's Amazon work email account. Many of the documents contained information related to Amazon's operations, technology, practices, confidential employee information, and methods of conducting business. None of these documents had ever been disclosed by Anderson to anyone outside of Anderson and Amazon.

D. **Return of Company Laptop and Second Deposition**

On May 30, 2025, Amazon deposed Plaintiff for a second time. Following this deposition, Amazon requested that Plaintiff return the company laptop still in Anderson's possession, held securely, and never disclosed to anyone either during or after her employment by Amazon. Plaintiff returned the company laptop to Amazon on June 27, 2025, in response to Amazon's request.

E. **The Counterclaim and Requested Relief**

On March 20, 2026, Amazon filed its Corrected Counterclaim against Plaintiff, alleging breach of Section 3.4 of the Agreement. The counterclaim alleges that Plaintiff breached the Agreement by failing to immediately return all company property and confidential documents upon her separation on October 1, 2021. On its face, this claim was made more than 4 years after Plaintiff left Amazon's employment, in excess of the applicable statute of limitations. The time span between Anderson's last date of employment, October 1, 2021, and the first time Defendant raised the breach of contract claim, on March 3, 2025, is three years, five months, and three days, also in excess of the applicable statute of limitations. The counterclaim further alleges that Plaintiff failed to delete, return, or notify Amazon that she had retained company property and confidential information.

The counterclaim acknowledges that Plaintiff returned the company laptop to Amazon on June 27, 2025, upon Amazon's request. However, it contends that Plaintiff's retention of documents from October 1, 2021, until January 1, 2025 (when she produced them in discovery), and her retention of the laptop until June 27, 2025 (when she returned it upon request), constitutes a breach of Section 3.4.

The counterclaim alleges that as a result of Anderson's breach, Amazon expects to incur forensic investigation costs to identify the nature and scope of Confidential Information retained and accessed by Anderson, and to insure that she has not shared said information with third parties. However, the counterclaim does not specify the amount of such costs, provide evidence of costs actually incurred, or explain the basis for calculating such costs.

The counterclaim also alleges upon information and belief that Anderson may possess additional Company property or unproduced Amazon documents with Confidential Information. However, the counterclaim does not allege specific facts supporting this belief or explain why Amazon did not inquire about such documents during Plaintiff's depositions on September 23, 2024, and May 30, 2025.

Amazon seeks the following relief: (1) judgment in favor of Amazon and against Anderson; (2) an order requiring Anderson to affirmatively return or permanently delete or destroy Amazon's Confidential Documents and submit her personal devices, including but not limited to her personal laptop, desktop, tablets, phone, and external hard drives, to forensic investigation by a third party company identified by Amazon; (3) damages for Amazon's reasonable past, present, and future fees and costs associated with cataloging the Confidential Information retained and accessed by Anderson on her personal devices; (4) pre- and post-judgment interest; and (5) any other relief the Court deems just and proper.

## F. Procedural History

Plaintiff previously opposed Amazon's motion for leave to file the original proposed amended answer and counterclaim on July 29, 2025, arguing that the counterclaim was deficient and that amendment would be futile. Amazon subsequently filed its Corrected Counterclaim on March 20, 2026, which contains substantially similar allegations to the original proposed counterclaim, with minor modifications. There is a protective order in place in this case which governs the confidentiality of all documents in the possession of Plaintiff.

# SUMMARY OF ARGUMENT

Amazon's Corrected Counterclaim fails to state a plausible claim for breach of contract under the Fourth Circuit's well-established pleading standards for four independent reasons, each of which warrants dismissal.

### A. Amazon's counterclaim is premised on a fundamental misreading of the contract.

Section 3.4 of the Agreement provides two alternative methods for return of company property: return on the Separation Date, or at any time otherwise requested by Amazon. The plain language of this provision permits Plaintiff to retain materials until Amazon makes a request for return. Plaintiff satisfied this contractual obligation by returning the company laptop on June 27, 2025, upon Amazon's request. Amazon's allegation that Plaintiff breached by failing to return property immediately upon separation ignores the contract's explicit alternative language. Under Fourth Circuit contract interpretation principles, courts enforce a contract's plain language and do not write the contracts of the parties retroactively. The counterclaim's core allegation is foreclosed as a matter of law by the contract's unambiguous terms.

### B. Amazon's counterclaim attempts to impose contractual obligations that do not exist in the Agreement.

Amazon alleges that Plaintiff breached by failing to delete materials or notify Amazon of retention. However, Section 3.4 is a return provision; it requires return of confidential information or property but does not impose independent duties to delete materials or provide notice of retention. Courts do not enforce implied terms

where the contract speaks to the subject matter. Amazon cannot now enforce obligations the parties did not agree to include in the contract.

## C. The counterclaim fails to adequately plead damages, which is an essential element of any breach of contract claim.

Amazon alleges only that it expects to incur forensic investigation costs without specifying the amount, providing evidence of costs actually incurred, or explaining why such costs are a foreseeable result of the alleged breach. Under the Fourth Circuit's plausibility standard, speculative and conclusory allegations regarding anticipated future costs do not satisfy pleading requirements. Moreover, Amazon has not alleged that Plaintiff has actually disclosed confidential information to third parties or that any misuse has occurred, rendering the alleged need for forensic investigation purely speculative.

## D. The counterclaim contains speculative allegations made upon information and belief that Plaintiff may possess additional documents other than those that have been produced.

The allegations that Anderson may have additional documents was made after extensive discovery and two depositions of Plaintiff. These bare assertions, unsupported by any concrete factual indicators or specific missing categories of documents, fail to cross the line from possibility to plausibility under Fourth Circuit precedent. Amazon had the opportunity to inquire about such documents during Plaintiff's depositions but apparently did not do so. The allegation that Plaintiff may possess additional documents is precisely the type of naked assertion devoid of further factual enhancement that cannot survive Rule 12(b)(6) scrutiny.

### E. The deficiencies in the counterclaim are rooted in legal and contractual interpretation issues that cannot be cured by amendment and moreover are barred by the statute of limitations.

The counterclaim alleges that Plaintiff breached the Agreement by failing to immediately return all company property and confidential documents upon her separation on October 1, 2021. As stated in the above statement of facts, this claim was made more than 4 years after Plaintiff left Amazon's employment, at which time any actionable breach regarding the return of property or documents under the contract arose. In addition, the time span between Anderson's last date of employment, October 1, 2021, and the first time Defendant raised the breach of contract claim, on March 3, 2025, is three years, five months, and three days, also in excess of the applicable statute of limitations. The counterclaim further alleges that Plaintiff failed to delete, return, or notify Amazon that she had retained company property and confidential information. Both of these dates exceed the statute of limitations for a breach of contract.

Given Amazon's failure to raise the allegations about breach within three years of any alleged breach and the fact that the plain language of Section 3.4 forecloses Amazon's breach theory as a matter of law, amendment cannot alter the meaning of the contract's unambiguous terms nor cure the statute of limitations defect. Accordingly, the counterclaim should be dismissed with prejudice.

### ARGUMENT

### I. Legal Standard for Rule 12(b)(6) Motions to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a counterclaim must contain sufficient factual matter to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) The Supreme Court has established that a pleading must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* Courts must disregard conclusory allegations and naked assertions of wrongdoing, which necessitate some factual enhancement within the pleading to cross the line between possibility and plausibility of entitlement to relief. *Id.* at 556-57.

The Fourth Circuit has emphasized that determining whether a complaint states a plausible claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but has not shown that the pleader is entitled to relief. *Id.* Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.

When a party attaches a written document to a pleading as an exhibit, the court considers it part of the pleading for all purposes, including in a Rule 12(b)(6) dismissal. F.R. Civ. P. 10. *See also Banca Popolare di Novara v. Mfrs. & Traders Trust Co.*, 2011 U.S. Dist. LEXIS 96101 The Fourth Circuit has held that courts may consider a document that the defendant attaches to its motion to dismiss if the

document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity. The facts derived from the pleading's exhibits are considered part of the party's basic factual averments at the motion-to-dismiss stage. *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004). In this case, the contract provision which Amazon alleges that Plaintiff breached is unsupported by sufficient facts to support a plausible inference that Plaintiff was in breach.

## II. Amazon's Counterclaim Fails to Plead a Plausible Breach of Section 3.4 Because Plaintiff's Conduct Complies with the Contract's Plain Language

### A. Contract Interpretation Principles Under Fourth Circuit Law

The Fourth Circuit applies well-established contract interpretation principles to evaluate whether a party has stated a plausible breach claim. In interpreting contracts, courts draw upon contract law principles to ensure that each party receives the benefit of the bargain. *United States v. Squirrel,* 588 F.3d 207, 217 (2009). "Applying standard contract law, we enforce a plea agreement's plain language in its ordinary sense, and do not write the contracts of the parties retroactively, but merely construe the terms of the contract the parties have previously signed." *Id.*

There is no authority in NC to support the proposition that "the implied duty of good faith and fair dealing" allows one party to impose new obligations about which the contract is silent, even if inclusion of the obligation is thought to be logical and wise. Indeed, other states have rejected this proposition. *See, e.g., Gray*

*Constr., Inc. v. Medline Indus., Inc.,* No. SAG-19-03405, 2023 U.S. Dist. LEXIS 34918, at \*42 (D. Md. Mar. 1, 2023) (*Parker v. Columbia Bank*, 91 Md. App. 346, 604 A.2d 521 (1992) ("[T]he covenant of good faith and fair dealing "does not obligate a [party] to take affirmative actions that the [party] is clearly not required to take under [the contract]." )(quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 184 (4th Cir. 2000)).

"To state a claim for breach of contract, the complaint must allege that a valid contract existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach." *Claggett v. Wake Forest Univ.*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (citing *RGK, Inc. v. Guaranty Co.,* 292 N.C. 668, 235 S.E.2d 234 (1977); *Cantrell v. Woodhill Enterprises, Inc.,* 273 N.C. 490, 160 S.E.2d 476 (1968).) Critically, Amazon must plead facts demonstrating that Anderson violated a specific, defined contractual duty-not merely that Anderson once possessed documents or materials.

**B. Section 3.4 Contains Alternative Performance Timing That Amazon's Counterclaim Ignores**

Amazon's counterclaim fundamentally mischaracterizes Section 3.4's requirements. The provision requires return of Amazon confidential information or property on the Separation Date, **or** at any time otherwise requested by Amazon. This language establishes two alternative means of performance: return on the separation date **or** return upon Amazon's request.

Amazon's allegations treat the separation-date return as the only permissible performance and effectively ignore the upon request alternative. By alleging that Anderson breached by failing to immediately return property upon separation, Amazon is attempting to enforce only one branch of the alternative performance obligation while disregarding the contract's explicit language. Under North Carolina contract law,

> [a] plaintiff may rely on the implied covenant [of good faith and fair dealing] when there is a gap in the contract and a defendant behaves in an unexpected manner, thereby frustrating the fruits of the bargain that the asserting party reasonably expected. Stated another way, breach of the implied covenant is a claim available to a plaintiff who could not have contracted around a defendant's allegedly arbitrary or unreasonable behavior.

*Bates v. Charlotte-Mecklenburg Historic Landmarks Comm'n*, 292 N.C. App. 1, 9, 897 S.E.2d 1, 8 (2024) (citing *Value Health Sols., Inc. v. Pharm. Rsch. Assocs.*, 385 N.C. 250, 268, 891 S.E.2d 100, 115 (2023) (citation omitted)). In this case, had Amazon intended for Anderson to return all property and documents by a certain date, it could have drafted its contract with that provision; it did not. Instead, it allowed Anderson to comply with the contract by returning property upon specific request by Amazon and by keeping all documents or other information confidential. Amazon has not alleged that Plaintiff failed to return the property upon request nor that Plaintiff violated any obligation to maintain confidentiality.

The plain language of Section 3.4 permits Anderson to retain materials until Amazon makes a request for return. Amazon has not pleaded facts establishing that it made a timely request for return of all materials and that Anderson refused or

failed to comply with that request. Without such allegations, Amazon cannot establish the second element of a breach claim-a violation of a defined obligation.

## C. Amazon's Own Pleaded Facts Regarding the Laptop Undermine Its Breach Theory

Amazon's counterclaim contains a critical internal contradiction that undermines its breach allegations. Amazon pleads that Anderson returned the company laptop on June 27, 2025, after counsel requested it following the second deposition. This pleaded fact demonstrates that Anderson complied with a request for return of a specific item of property and defeats Amazon's breach of contract claim.

This compliance is entirely consistent with Section 3.4's upon request alternative. Anderson's return of the laptop after Amazon's request through counsel shows that Anderson understood and honored the contractual obligation to return property when requested. Amazon cannot simultaneously allege that Anderson breached Section 3.4 by failing to return property upon request while also pleading that Anderson returned the laptop when counsel requested it. The latter fact forecloses the former allegation as a matter of the contract's plain language.

## D. Retention of Copies Without a Specific Request Does Not Constitute Breach Under Section 3.4

Amazon alleges that Anderson breached by retaining approximately 30,000 pages of documents (produced January 1, 2025) and by maintaining ongoing control of materials. However, Amazon has not pleaded facts establishing that it requested return of these specific materials and that Anderson refused or failed to comply.

Section 3.4 is a return provision, not a prohibition on retention. It requires return of property at any time otherwise requested by Amazon. Amazon must plead concrete facts showing that it made a request for return of the retained materials and that Anderson failed to honor that request. Absent such allegations, Amazon has not pleaded a violation of a defined contractual duty to return property or to maintain the confidentiality of any information.

The fact that Anderson once possessed documents does not, standing alone, constitute a breach of a return obligation. A return obligation is triggered by a request; without pleading that a request was made and not honored, Amazon has not pleaded a plausible breach.

## III. Amazon's Counterclaim Improperly Attempts to Impose Obligations Not Stated in Section 3.4's Text

Amazon alleges that Anderson breached Section 3.4 by failing to delete or notify Amazon about retained materials. These allegations are not supported by the contract's language. Section 3.4 is a return provision; it requires return of confidential information or property. It does not impose independent duties to delete materials or to provide notice of retention.

Amazon is attempting to add obligations that the parties did not agree to include in the contract. Courts do not enforce implied terms where the contract speaks to the subject matter. "If the plain language is clear, the intention of the parties is inferred from the words of the contract. Intent is derived **not** from a particular contractual term but from the contract as a whole." *Durham Office*

*Portfolio 1, LLC v. Grubb & Ellis Co.*, 261 N.C. App. 175, 181, 820 S.E.2d 109, 113 (2018) (quoting *State v. Philip Morris*, 363 N.C. 623, 631-32, 685 S.E.2d 85, 90 (2009) (citations omitted) If Amazon intended to require deletion of materials or notification of retention, it should have included such language in Section 3.4. The absence of these provisions from the contract means Amazon cannot now enforce them as breach obligations.

## IV. Amazon's Counterclaim Fails to Plausibly Plead Damages for Breach of Contract

### A. Legal Standard for Pleading Damages

As stated above, a breach of contract claim requires proof of three elements: the existence of a contract, a breach of that contract, and damages resulting from the breach. Amazon bears the burden of pleading each element with sufficient factual specificity to state a plausible claim for relief.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)  However, this standard does not permit bare assertions or conclusory allegations. The pleading must contain factual allegations sufficient to raise a right to relief above the speculative level.  *Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  *Ashcroft v. Iqbal*, 556 U.S. at 678.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*

While a plaintiff need not prove its case at the pleading stage, and a complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim, A plaintiff must plead facts supporting each element of a breach of contract claim, including damages; conclusory allegations of injury are insufficient. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Applied to breach of contract, this means Amazon must plead facts showing that it has suffered or will suffer actual damages as a result of the alleged breach-not merely speculative or contingent future costs.

### B. Amazon's Allegation That It Expects to Incur Costs Does Not Plead Actual Damages

Amazon alleges that it expects to incur forensic investigation costs. This language is inherently speculative and does not constitute a plausible allegation of actual damages. The use of expects to incur indicates a future, contingent event that may or may not occur, rather than a concrete loss that has already been suffered or is certainly impending. Amazon has not alleged that it has actually incurred any costs, nor has it alleged a specific amount of damages. Without pleading actual expenditures or a definite commitment to incur specific costs, Amazon has not adequately alleged the damages element of its breach of contract claim.

### C. No Factual Connection Between Alleged Costs and Contractual Breach

Amazon's allegations lack any factual nexus between the forensic investigation costs and the alleged breach of the confidentiality agreement. Amazon seeks damages for fees and costs associated with cataloging confidential information and forensic review of Anderson's personal devices. However, Amazon does not allege that Anderson has actually disclosed any confidential information to third parties, nor does it allege that any unauthorized access or misuse has occurred. Instead, Amazon frames these costs as exploratory in nature-an attempt to determine whether a breach has occurred and what information may have been compromised.

This framing reveals the fundamental deficiency: Amazon is seeking to recover the costs of its own investigation and litigation strategy, not damages flowing from a breach of contract. The forensic review of Anderson's devices appears to be a precautionary measure undertaken by Amazon to assess potential exposure, not a necessary remedial response to a completed breach. Without factual allegations showing that Amazon has incurred or will necessarily incur these costs as a direct result of Anderson's breach-rather than as a result of Amazon's own litigation decisions-the damages allegations remain too speculative to satisfy pleading requirements.

### D. Absence of Allegations Regarding Unauthorized Disclosure or Misuse

Amazon does not allege that Anderson has actually disclosed confidential information to third parties or that any misuse has occurred. The counterclaim

states only that Amazon expects to incur costs to determine whether confidential information was shared. This conditional framing-whether information was shared-underscores that Amazon is not alleging an actual breach resulting in disclosure, but rather seeking to investigate the possibility of such a breach.

Without allegations that confidential information has actually been disclosed or misused, Amazon cannot plausibly claim that forensic investigation costs are a necessary or foreseeable consequence of the alleged breach. The costs are contingent upon facts not yet alleged-namely, that unauthorized disclosure or misuse has actually occurred. This chain of contingencies renders the damages allegations too speculative to survive pleading scrutiny.

## V. Amazon's Speculative Upon Information and Belief Allegations Fail to Meet the Plausibility Standard

### A. Legal Standard for Upon Information and Belief Allegations

While pleading upon information and belief is generally appropriate when matters necessary to complete the statement of a claim are not within the plaintiff's knowledge and facts are peculiarly within the opposing party's knowledge, such pleading must still be grounded in some factual basis. "Under the pleading standard the Supreme Court articulated in *Twombly* and *Iqbal*, a complaint's conclusory allegations based solely "upon information and belief" are "insufficient to defeat a motion to dismiss." *Van Buren v. Walmart, Inc.*, 611 F. Supp. 3d 30, 36 (D. Md. 2020) (citing *Harman v. Unisys Corp.*, 356 F.App'x 638, 640-41 (4th Cir. 2009)) Pleading upon information and belief is permissible where facts are

peculiarly within the possession of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.

The Fourth Circuit has emphasized that "bare assertions devoid of further factual enhancement fail  to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of, in this case, damages, the complaint has not shown that the pleader is entitled to relief.  Francis v. Giacomelli, 588 F.3d at 193.

**B.      Amazon's Allegation That Anderson May Possess Additional Documents Is Speculative**

Amazon alleges, upon information and belief, that Anderson may possess additional property and documents. This allegation is precisely the type of bare assertion that cannot survive Rule 12(b)(6) scrutiny, particularly in the context of a request for extraordinary relief.  The factual record demonstrates that Amazon has already conducted extensive discovery efforts:

1.  Anderson has already produced approximately 30,000 pages of documents.

2.  Anderson returned the company laptop on June 27, 2025, after Amazon's request.

3.  Extensive discovery has occurred, including two depositions of Anderson on September 23, 2024, and May 30, 2025.

After such comprehensive discovery efforts, Amazon's allegation that Anderson may possess additional documents lacks the factual enhancement necessary to cross the line between possibility and plausibility. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (allegations in a complaint which are conclusions are not facts and are "not entitled to the assumption of truth.")

Amazon has not pleaded any specific missing categories of documents, identified any concrete indicators of continued possession, or alleged that it requested additional documents and was refused. The allegation is devoid of the factual specificity required to support a plausible claim. Under the plausibility standard, a party cannot rest on mere speculation or conclusory assertions of possible wrongdoing. *Id.* Amazon's may possess allegation lacks the factual content necessary to permit a reasonable inference that Anderson is currently withholding additional property. If Amazon, after depositions and discovery, has no concrete factual basis to allege that specific additional property exists and is being withheld, the allegation fails to cross the line from possibility to plausibility. *Id.*

## C. Amazon Had the Opportunity to Inquire During Depositions

Amazon deposed Anderson on September 23, 2024, and again on May 30, 2025. The counterclaim does not allege that Amazon asked Anderson whether she possessed additional documents or property during these depositions. If Amazon had reasonable grounds to believe Anderson possessed additional documents, it had the opportunity to inquire during these depositions. The failure to inquire

undermines the plausibility of the allegation. The use of may possess indicates pure speculation rather than allegations based on specific facts or information. This does not meet the plausibility standard, which requires allegations that raise a reasonable expectation that discovery will reveal evidence supporting the claim.

### VI. The Deficiencies in Amazon's Counterclaim Cannot Be Cured by Amendment

The deficiencies in the counterclaim are not merely factual but are rooted in the plain language of the contract and the legal requirements for stating a breach of contract claim. Specifically:

First, the plain language of Section 3.4 permits return at any time otherwise requested by Amazon. This is a matter of contract interpretation, not fact. No amount of additional factual allegations can change the meaning of the contract language. Amazon cannot amend the counterclaim to allege that the contract requires return on the Separation Date as the sole method of performance because the contract explicitly provides an alternative.

Second, the counterclaim's allegation that Anderson breached by failing to delete materials or notify Amazon of retention is not supported by Section 3.4's text. Section 3.4 does not require deletion or notification. Amendment cannot cure this deficiency because the contract language does not support these implied obligations. Courts do not enforce implied terms where the contract speaks to the subject matter.

Third, the counterclaim's failure to allege actual damages is a legal deficiency. Amazon must allege actual damages or damages that are a foreseeable and quantifiable result of the breach. While Amazon could potentially cure this deficiency by alleging that it has actually incurred forensic investigation costs and specifying the amount, the current allegation that Amazon expects to incur costs is insufficient.

Fourth, the counterclaim's upon information and belief allegations regarding additional retained documents are speculative and cannot be cured by amendment absent concrete factual indicators that such documents exist and are being withheld.

Because the primary deficiencies are rooted in legal and contractual interpretation issues that cannot be cured by amendment, the counterclaim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff Cynthia G. Anderson respectfully requests that this Court grant her Motion to Dismiss Defendant Amazon.com Services LLC's Corrected Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff further requests that the dismissal be with prejudice as to the contract interpretation and implied obligations grounds, as the deficiencies in the counterclaim are rooted in legal issues that cannot be cured by amendment.

Respectfully submitted, this 10th day of April 2026.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NC State Bar: 13417
T: 919-810-3139
F: 919-823-6383
valerie@newsouthlawfirm.com

/S/HEATHER A. BENJAMIN
Heather A. Benajmin
NC State Bar: 28238
T: 919-969-6634
F: 919-823-6383
heather@newsouthlawfirm.com

NEW SOUTH LAW FIRM
209 Lloyd St., Ste 350
Carrboro, NC 27510
***Attorneys for Plaintiff***

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing **Memorandum in support of Plaintiff's Motion to Dismiss Defendant's Counterclaim** using the CM/ECF filing system which will automatically send email notification of such filing to all counsel of record.

This 10th day of April 2026.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM