IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-115-BO-BM

| | | |
|---|---|---|
| CYNTHIA G. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the Court on plaintiff's motion [DE 154] to dismiss defendant's counterclaim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendant has responded [DE 156] and the time for reply has elapsed. A hearing was held before the undersigned on July 31, 2026. In this posture, the motion is ripe for disposition. For the following reasons, the case is dismissed, and the motion is denied as moot.

BACKGROUND

Plaintiff Cynthia Anderson filed this employment discrimination case against Amazon, her former employer, asserting claims for retaliation, harassment, and discrimination on account of her race, color and age in violation of Title VII, the Family and Medical Leave Act (FMLA), and the Age Discrimination in Employment Act (ADEA). Around the time Anderson began working for Amazon, she signed a contract titled "Confidentiality, Noncompetition, and Invention Assignment Agreement" which required her to return all of Amazon's property, documents, and confidential information, or copies thereof, on the date of her separation from employment. [DE 148, ¶¶ 7, 11]. It also required her to take reasonable measures to prevent unauthorized persons or entities from obtaining the confidential information in her possession. *Id.* at ¶ 12.

After Anderson initiated this lawsuit, Amazon deposed her and discovered "she had retained documents on her personal computer that were responsive to Amazon's document requests served nine months earlier[.]" *Id.* at ¶¶ 17–20. On January 1, 2025, she "produced over 30,000 pages of emails and documents, including voluminous Excel files, all of which were copied from her Amazon work email." *Id.* at ¶ 23. Many of the documents Anderson had saved to her personal computer allegedly contained the type of confidential information contemplated by the confidentiality agreement, including "documents related to Amazon's operations, technology, practices, confidential employee information and methods of conducting business." *Id.* at ¶ 24.

Amazon sought leave to assert a counterclaim against Anderson for breach of the confidentiality contract. On June 30, 2025, the Court granted defendant's motion to amend its answer and assert a counterclaim. [DE 134]. In so doing, it conducted a futility analysis and found "any argument by plaintiff that defendant has failed to sufficiently allege its counterclaim is baseless." *Id.* at p. 16. The Court has granted Amazon's motion for summary judgment as to all the claims asserted against it. The only remaining claim in this case is Amazon's counterclaim for breach of contract.

## DISCUSSION

When Anderson commenced this action asserting Title VII, FMLA, and ADEA claims, the parties recognized federal question as the basis for jurisdiction under 28 U.S.C. § 1331. [DE 10, p. 3]; [DE 12, p. 1]. Diversity jurisdiction under 28 U.S.C. § 1332 may have been proper grounds for jurisdiction as well, although the parties needed not rely on it.

Amazon's counterclaim for breach of contract, however, does not arise under federal law, and § 1331 is no basis for jurisdiction. Nor have the parties indicated the amount in controversy as to the breach of contract counterclaim exceeds $75,000—the Court has no diversity jurisdiction

under § 1332. Indeed, both United States Magistrate Judge Brian S. Meyers [DE 134, pp. 17–18] and Amazon in asserting its counterclaim [DE 148, p. 2] identified the Court's basis for jurisdiction over the breach of contract claim as supplemental jurisdiction under 28 U.S.C. § 1367.

"Generally, the court's analysis would then turn to determining the status of the counterclaim as 'compulsory' or 'permissive.'" *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 784–85 (E.D.N.C. 2011). "If the counterclaim is compulsory, it is within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required. If the counterclaim is permissive, however, it must have its own independent jurisdictional base." *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).

The Fourth Circuit has identified four inquiries to determine if a counterclaim is compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Id.* All four factors indicate Amazon's breach of contract counterclaim is permissive, not compulsory. The breach of contract counterclaim implicates different issues of law than the federal employment claims the plaintiff originally asserted. The issues of fact are distinct as well, because the counterclaim arose only after plaintiff's employment had been terminated. Res judicata would not bar a subsequent suit on the counterclaim. The evidence germane to Anderson's employment claims is substantially different from the evidence supporting Amazon's counterclaim. The only logical relationship between Anderson's claims and Amazon's counterclaim is that they arose from the parties' employment relationship. Plaintiff's claims arose from occurrences *during* the employment. But because the confidentiality contract's information-return obligations arose only

after separation from employment, defendants' claim necessarily arises from occurrences *after* the employment relationship ended. The claims do not arise from the same occurrences.

The only basis for federal jurisdiction over Amazon's counterclaim is supplemental. 28 U.S.C. § 1367. "The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). All the federal claims in this case have been dismissed. The matter has not been set for trial, and there has not been an opportunity for discovery on the breach of contract counterclaim. The Court, in its discretion, therefore declines to exercise supplemental jurisdiction over Amazon's breach of contract counterclaim. Accordingly, the case is dismissed, and plaintiff's motion to dismiss is denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss [DE 154] is DENIED as MOOT. The Court declines to exercise supplemental jurisdiction over the remaining claim. The Clerk is directed to enter judgment and close the case.

SO ORDERED, this 13 day of August 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE